CHRISTOPHER J. MCLAUGHLIN *v.* EDWIN F.
CHARETTE ET AL.
(4082)

DUPONT, C. J., HULL and BORDEN, Js.

Argued April 9—decision released June 3, 1986

*Brian J. Farrell,* for the appellants (defendants).

*Vincent T. McManus, Jr.,* with whom was *Barry Pontolillo,* for the appellee (plaintiff).

HULL, J. The plaintiff real estate broker sued the defendants, Edwin F. and Joyce R. Charette, for a real estate commission he claimed was due for the sale of their residence in Wallingford. The defendants admitted the listing agreement and that the plaintiff, through

his agent, had procured a buyer ready, willing and able to purchase the property. They also admitted that they had entered into a written contract with the prospective buyers and later declined to complete the transaction. The defendants filed a special defense, however, claiming that the plaintiff, directly or through his employee, had agreed that in the event the defendants did not purchase a certain house they would not have to sell their residence. The defendants asserted that because they had not purchased the other house, they were not required to sell and, accordingly, were not liable for the plaintiff's commission.

The plaintiff filed a reply to the special defense and a claim for the trial list and, thereafter, filed a motion for summary judgment. That motion was denied without a memorandum of decision. Several months later, the plaintiff again filed a motion for summary judgment with extensive documentation beyond that which accompanied the first motion for summary judgment. A hearing was held on the plaintiff's motion and, at that time, the defendants moved to amend their answers to the complaint and their answers to the plaintiff's requests for admissions. The proposed amendments, in essence, amounted to the filing of an extensive counterclaim.

The trial court filed a memorandum of decision on the defendants' motion in which it noted that the defendants' attorney appeared in court with the motions an hour and a half late. The court then recited the chronology of the pleadings and stated that the motions were made about ten months after the pleadings were closed. It cited *Rahmati* v. *Mehri,* 188 Conn. 583, 588, 452 A.2d 638 (1982), for the proposition that the decision on whether to allow a belated amendment rests in the sound discretion of the trial court. The court then stated that it appeared that the amended pleadings had been filed solely for the purpose of delay. The

court concluded that the counterclaim contained in the defendants' proposed amended answer lacked merit and denied the defendants' motions to amend.

On the same date, the court filed a memorandum of decision in which it granted the plaintiff's second motion for summary judgment. On the basis of the defendants' admissions in the pleadings and the affidavits and documentation furnished by the plaintiff, the court found that the plaintiff was entitled to the commission as a matter of law. In reaching its decision, the court stated that *"[t]he only material fact in dispute* is whether or not the defendants had attached as a condition to the sale of [their residence] that the defendants purchase the [other] property."* It noted, however, that the defendants' affidavit and other documents asserted that the condition was *orally* stated to the plaintiff's employee and ruled that the special defense could not be proven under the parole evidence rule. Accordingly, it found that the plaintiff was entitled to judgment as a matter of law. The court ordered a further hearing on damages.

Approximately a month and a half later, at the time scheduled for the hearing in damages, the defendants filed a motion to open the summary judgment on grounds not previously raised: that the plaintiff was not entitled to recover because the listing agreement did not comply with General Statutes § 20-325b.[1] The court denied the motion. The court thereafter held a hearing in damages and rendered judgment in the plain-

---

[1] General Statutes § 20-325b provides: "Each written agreement which fixes the compensation to be paid to a real estate broker for the sale of real property shall contain the following statement in not less than ten point boldface type or in a manner which otherwise stands out significantly from the text immediately preceding any provision of such agreement relating to compensation of the broker: 'NOTICE: THE AMOUNT OR RATE OF REAL ESTATE COMMISSIONS IS NOT FIXED BY LAW. THEY ARE SET BY EACH BROKER INDIVIDUALLY AND MAY BE NEGOTIABLE BETWEEN THE SELLER AND BROKER.' "

tiff's favor, awarding him $6566.95 plus costs. The defendants again filed a motion to open the judgment which the court denied.

The defendants appealed from the judgment rendered claiming three grounds of error: (1) the court erred in failing to open and deny the summary judgment in the light of General Statutes § 20-325b; (2) the court erred in granting summary judgment because material issues of fact existed; and (3) the court erred in denying their motions to amend their answers to the plaintiff's complaint and their answers to admissions. To avoid sinking unnecessarily into the procedural morass created by defense counsel, we will consider these issues in reverse order.

"The trial court has wide discretion in granting or denying amendments before, during, or after trial. Our courts have followed a liberal policy to permit belated amendments to the pleadings unless the amendment will cause an unreasonable delay, mislead the opposing party, take unfair advantage of the opposing party, or confuse the issues, or unless the delayed amendment is attributable to some misconduct on the part of its proponent. *Smith* v. *New Haven,* 144 Conn. 126, 132, 127 A.2d 829 (1956); *Cromwell* v. *Middletown Savings Bank,* 122 Conn. 362, 369, 189 A. 172 (1937). See Practice Book, 1978, § 176." *Lawson* v. *Godfried,* 181 Conn. 214, 216, 435 A.2d 15 (1980). "The trial court is in the best position to assess the burden which an amendment would impose on the opposing party in light of the facts of the particular case. 'The essential tests are whether the ruling of the court will work an injustice to either the plaintiff or the defendant and whether the granting of the motion will unduly delay a trial.' *Smith* v. *New Haven,* 144 Conn. 126, 132, 127 A.2d 829 (1956)." *Tedesco* v. *Julius C. Pagano, Inc.,* 182 Conn. 339, 341–42, 438 A.2d 95 (1980). Unless there is a sound

reason, however, refusal to allow an amendment is an abuse of discretion. *Tedesco* v. *Julius C. Pagano, Inc.*, supra, 341.

With these criteria in mind, we consider the court's decision to deny the defendants' motion to amend their answer. The defendants requested permission to amend at the court's hearing on the plaintiff's second motion for summary judgment. While this motion was pressed ten months after the pleadings were closed, other than annoyance to the court and inconvenience to opposing counsel caused by the timing of such a motion, there would have been no prejudice to the plaintiff by allowing the amendment. At most, the plaintiff would have had to consent to a rescheduling of the motion after the pleadings were closed, and possibly he would have had to file additional documentation. The counterclaim, although discountenanced by the court in its memorandum of decision, was logically related to the matters contained in the special defense. Thus, the counterclaim could not have misled the opposing party, constituted unfair advantage, or confused the case. The issue then comes down to whether the delay was attributable to some misconduct on the part of defense counsel. Although the trial court stated that the motion was filed for purposes of delay, there was no showing of any unreasonable delay. The record up to that time shows no dilatory tactics of defense counsel. The case was not on the assignment list, and the record is devoid of any indication as to how close the case was to being reached for trial.

While we recognize the traditional deference due the discretion of the trial court, we also note the liberal Connecticut policy concerning amendments. We cannot conclude on this record that the granting of the motion to amend would have worked an injustice on the plaintiff or would have unduly delayed the trial. Accordingly, the court was in error in denying the defendants' motion to amend.

It logically follows that the court was in error in rendering the summary judgment for the plaintiff since, had the amendment been allowed, the pleadings would not have been closed. Practice Book § 379.[2] In view of our disposition of these claims of error, we do not consider the defendants' other claim of error.

There is error, the judgment is set aside and the case is remanded for further proceedings in accordance to law.

In this opinion the other judges concurred.

---

[2] Practice Book § 379 provides "In any action, except actions for dissolution of marriage, legal separation, or annulment of marriage, and except administrative appeals which are not enumerated in Sec. 257 (d), any party may move for a summary judgment, provided that the pleadings are closed as between the parties to that motion. These rules shall be applicable to counterclaims and cross complaints, so that any party may move for summary judgment upon any counterclaim or cross complaint as if it were an independent action."