[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: REQUEST FOR PERMISSION TO AMEND COMPLAINT AND OBJECTION TO REQUEST
This case arises out of a dispute concerning amounts deposited by the plaintiff with the defendant in connection with the legal defense by the defendant of a third person.
The plaintiff has requested permission to amend its complaint and the defendant objects. The plaintiff proposes to add new CT Page 9087 counts three and four together with corresponding amendments to the claim for relief. This request was filed with the clerk on August 7, 1992. The complaint was previously amended on March 8, 1991, the effect of which was to set out a second count claiming conversion. The proposed August 6, 1992 amendment filed August 7, 1992 really adds nothing to that second count except the allegation "[i]n refusing to return said funds, the defendant has wrongfully withheld said funds from the plaintiff, with the intent to appropriate the same to itself, such that the defendant has committed theft of the funds pursuant to C.G.S. 52-564." Section52-564 contains no definition of theft. The court cannot find any need for a separate third count on conversion of personal property as already alleged. See Schaeffer v. Lindy, 8 Conn. App. 96. Therefore the objection to the amendment to the complaint adding a third count is sustained.
Section 52-564 permits treble damages for conversion of personal property of another. Accordingly the amendment to the prayer for relief seeking treble damages as to existing count two is allowed.
The plaintiff now proposes to add a fourth count CUTPA claim grounded in its allegations that the failure to return certain escrow funds was an unfair and deceptive act and practice. The court in reviewing the file finds that the case was assigned to begin trial on October 15, 1992. The case had previously been scheduled on February 6, February 13 and again for October 15, 1992. The October 15 date was subject to defense counsel's availability due to a prior assigned case elsewhere. The court agrees with the defendant that this amendment, if allowed, will interpose a delay. However, the Appellate Court has now placed the focus on whether such a delay will be undue. See McLaughlin v. Charette, 7 Conn. App. 570. In light of the liberal policy of amendment prior to trial expressed in McLaughlin (trial court overruled for denial of an amendment), the court allows the amendment set out on count four and the corresponding amendment to the prayer for relief. The court finds nothing which would constitute an injustice by the granting of the amendment in this lawsuit first brought in 1991. The matter is marked over to the December 1992 call of the calendar, since while the court cannot make the finding that there would be undue delay, some delay will be occasioned by the need for the defendant to plead to and prepare a defense to this newly pleaded matter.
Flynn, J. CT Page 9088