[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Hat City Commons Limited Partnership, issued a complaint alleging negligence as well as a claim for a class action for negligence against the Connecticut Housing Finance Authority. Hat City filed a request for leave to amend its complaint to include claims for willful misconduct and detrimental reliance following a motion for summary judgment filed by the defendant. The defendant has objected asserting that permitting the amendment would be unfair to the defendant and the plaintiff's new complaint would be barred by the statute of limitations.
"Our courts have pursued a liberal policy in allowing amendments. . . . A trial court has wide discretion in granting or denying amendments to the pleadings and only rarely will this court overturn the decision of the trial court. . . . In the final analysis, the court will allow an amendment unless it will CT Page 16 cause an unreasonable delay, mislead the opposing party, take unfair advantage of the opposing party or confuse the issues, or if there has been negligence or laches attaching to the offering party. . . . [A]n amended complaint in response to a motion for summary judgment does not constitute prejudice per se. . . . Indeed, trial courts may be well-advised to exercise leniency when amendments are proffered in response to a motion for summary judgment, rather than on the eve of trial. . . ." (Citations omitted; internal quotation marks omitted.) McNeil v. Riccio,45 Conn. App. 466, 473-74 (1997).
The defendant first argues that granting leave to amend would constitute unreasonable delay and be unfair to the defendant. InFarrell v. St. Vincent's Hospital, 203 Conn. 554, 562 (1987), our Supreme Court held that the case "had already spanned more than eleven years since the alleged act of malpractice, and has been within the court system over nine years. . . . To allow an amendment under these circumstances would have unduly prejudiced the defendants." In the present case, the plaintiff filed its request to amend five months following the defendant's motion for summary judgment, eleven months following the close of the pleadings, and two years after the plaintiff instituted the action. In contrast to McLaughlin, the plaintiff's request does not constitute an unreasonable delay, mislead the defendant, cause an unfair advantage to the plaintiff, or confuse the issue and therefore may be admitted by this court. See McLaughlin v.Charette, 7 Conn. App. 570, 574 (1986).
The defendant's next contention is that even if the amended complaint is properly admitted, the complaint is barred by the statute of limitations because it does not relate back to the plaintiff's first complaint. Our Supreme Court in Gurliacci v.Mayer, 218 Conn. 531, 547 (1991), noted that "[a] change in, or an addition to, a ground of negligence or an act of negligence arising out of the single group of facts which was originally claimed to have brought about the unlawful injury to the plaintiff does not change the cause of action." A complaint will not relate back to the original complaint if the "complaints involve two different sets of circumstances and depend on different facts to prove or disprove the allegations of a different basis of liability." Sharp v. Mitchell, 209 Conn. 59,73 (1988). Here, the amended complaint relates back to the original complaint in that the additional claims of willful misconduct and detrimental reliance rely on the same or similar facts that were set out in the original claim of negligence. CT Page 17 These additional claims "did not inject two different sets of circumstances and depend on different facts . . . but rather amplified and expanded upon the previous allegations by setting forth alternate theories of liability." (Citations omitted; internal quotation marks omitted.) Gurliacci v. Mayer, supra, 549.
The plaintiff's request for leave to amend its complaint is, accordingly, granted.
Moraghan, J.