WILLIAM H. WESSON *v.* F. M. HERITAGE COMPANY
ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BRACKEN, Js.

Argued December 7, 1977—decision released February 10, 1978

*David M. Reilly, Jr.,* for the appellants (defendants).

*Edward T. Dodd, Jr.,* with whom, on the brief, was *Jeremiah M. Keefe,* for the appellee (plaintiff).

HOUSE, C. J.  This action was commenced by the plaintiff's writ, summons and complaint filed August 27, 1973.  It alleged that the plaintiff had been injured when he fell on steps in the defendants' cocktail lounge located in the Harrison Inn at Heritage Village in Southbury on February 4, 1973, and

that the fall was due to the negligence of the defendants. After the pleadings had been closed, other counsel appeared for the plaintiff and on February 11, 1976, moved for permission to amend the complaint to allege that the fall had occurred at approximately 11:30 p.m., on February 3, 1973, rather than on the date of February 4. The defendants filed a formal objection to the motion to amend and attached a letter signed by Attorney Emmet P. Nichols and dated February 7, 1973. The letter stated that his law firm represented the plaintiff who fell on the premises of the defendants "on February 4th at approximately 1:00 a.m. on the stairs leading from the coat rack area to the cocktail lounge next to the bandstand." It informed the defendants that if they were insured they should immediately turn the letter over to their insurance company for its immediate attention and in the event that they were not insured they or their attorney should immediately upon receipt of the letter contact his office.

At argument on the motion to amend the complaint, the defendants vigorously opposed the granting of the motion as irreparably prejudicial and untimely, pointing out that plaintiff's attorney had on February 7, 1973, informed the defendants that the fall had occurred at 1 a.m. on February 4 and that in reliance on this representation by plaintiff's attorney and the allegations of the August 16, 1973, complaint the defendants had conducted their investigation and prepared their defense as to the happening of such a fall on February 4, at 1 a.m. That investigation included questioning of employees who were present in the cocktail lounge at 1 a.m. on February 4, 1973. None of the employees was still employed by the defendants in 1976 when the

complaint was amended. One of them lived in Florida, one had died and the whereabouts of another was unknown. As late as January 18, 1976, the defendants, in preparation for trial, had taken the deposition of the manager of the lounge who had been present on the night in question from 11:45 p.m. to 2 a.m., was in the area described in Attorney Nichols' letter and knew of no fall. The court nevertheless granted the plaintiff permission to amend his complaint to change the date of the alleged fall and the time from that which had been represented by the plaintiff's counsel. The case proceeded to trial and resulted in a verdict for the plaintiff which the court refused to set aside. The defendants took this appeal from the judgment rendered on the verdict.

It is unnecessary to discuss all of the defendants' claims of error. Those addressed to the trial court's ruling permitting the late amendment to the complaint and to portions of its charge to the jury are dispositive of the merits of the appeal.

"Our courts have pursued a liberal policy in allowing amendments." *Johnson* v. *Toscano,* 144 Conn. 582, 587, 136 A.2d 341; Practice Book §§ 131, 132. Plaintiffs may without permission of the court amend their complaints during the first thirty days after the return day; § 131; and thereafter by order of or permission granted by the court. § 132. Rulings on motions to amend pleadings lie in the sound discretion of the court but that discretion is a legal discretion and is subject to review. *Robinson* v. *Faulkner,* 163 Conn. 365, 376, 306 A.2d 857; *Tammaro* v. *Ledewitz,* 157 Conn. 346, 350, 254 A.2d 458; Maltbie, Conn. App. Proc. § 63. As this court observed in *DuBose* v. *Carabetta,* 161 Conn. 254,

263, 287 A.2d 357: "In determining whether there has been an abuse of discretion, much depends on the circumstances of each case. Factors that should be considered include unreasonable delay, fairness to the opposing parties and the negligence of the party offering the amendment. *Cummings* v. *General Motors Corporation,* 146 Conn. 443, 449, 151 A.2d 884; *Antonofsky* v. *Goldberg,* 144 Conn. 594, 597, 136 A.2d 338."

In the circumstances of this case, we conclude that the trial court did abuse its discretion in permitting the late filing of the amendment to the complaint to change the date of the alleged fall and the time of it as it had been represented to the defendants by the plaintiff's counsel, relied upon by the defendants and alleged in the complaint. Such an amendment of date and time would probably not be objectionable in the usual automobile accident case, for example, where both parties are fully aware of the incident and its time and place. Here the circumstances of the plaintiff's alleged fall at a late hour in a cocktail lounge where patrons come and go and lighting conditions change present quite a different situation. The precise time of the incident was obviously an important matter for the defendants in searching for witnesses who might have observed a fall or could testify to the conditions as they existed at the time of the fall as claimed by the plaintiff.

Significantly, at the trial the court excluded testimony in a deposition which had been taken by the defendants before the complaint was amended and on which the defendants had relied. The deposition was from a former manager employed by the defendants who was present in the cocktail lounge

from 11:45 p.m. to 2 a.m. According to the excluded testimony in his deposition, he was present during that time in the area described in Attorney Nichols' letter, knew of no fall, upon receiving notice of the alleged 1 a.m. fall checked with other employees present who would know of any fall and learned of none, and, further, described the existing lighting and conditions during the period from 11:45 p.m. to 2 a.m. The court excluded the testimony because it did not cover the conditions and lighting and circumstances as of 11:30 which, because of the court's permitted change in the complaint, was, at the time of trial, the alleged time of the fall.

Further material considerations are the long delay before the plaintiff sought to amend his complaint and what transpired in the meantime. As we have noted, the writ, summons and complaint was filed on August 27, 1973. The pleadings were closed on October 3, 1973, when the plaintiff filed his reply to the defendants' special defense and the case was claimed for a jury trial by the plaintiff's attorney, Mr. Nichols. Thereafter, on February 19, 1974, the case was pretried by *Wall, J.* in accordance with the procedure prescribed by §§ 180–183 of the Practice Book. One of the matters to be considered at such a pretrial session is "[a]mendments to pleadings." § 180 (c). What this court observed in *Johnson* v. *Toscano,* supra, 588, is pertinent: "Nevertheless, no amendment to the pleadings was offered or suggested at the pretrial hearing, when, under the spirit of the rule, counsel should be prepared to state in good faith that his case is in all respects ready for immediate trial. Any amendment of the pleadings, if needed or desired, should be suggested. If a motion is not formally made at the pretrial hearing, permission to amend should

be sought promptly in accordance with proper procedure and, if the permission is granted, the amendment itself should thereafter be filed punctually." The record discloses no attempt to amend the complaint until nearly two years after the pretrial hearing.

We conclude that the court erred in permitting the plaintiff to amend his complaint to the prejudice of the defendants when the case was reached for trial in 1976.

We but briefly note two of the claims of error addressed to the court's charge to the jury. Attorney Nichols, having withdrawn as counsel, testified as a witness for the plaintiff. In his letter sent on behalf of the plaintiff to the defendants, he had represented that the plaintiff fell at approximately 1 a.m. As a witness, he testified that he and his wife and the plaintiff and his wife arrived at the cocktail lounge between 11 and 12 p.m., and that the plaintiff fell as he was entering the lounge. The defendants claimed the benefit of Attorney Nichols' representation in his letter as to the time of the fall as an admission against the plaintiff and as a proper basis for admitting into evidence the excluded deposition testimony of their former manager with respect to conditions as they existed at 1 a.m. At the time of its ruling excluding the deposition testimony, the court properly referred to it as "counsel's admission on the record." Nevertheless, in its charge, the court instructed the jury that any inconsistency they found between the letter written to the defendants by Attorney Nichols and his testimony as a witness should be given no probative value and could be considered by the jury only in determining whether his testimony as a witness was credible or not credible.

This was not a correct statement of the law. "The general rule is that admissions, if relevant and material, made by an attorney incidental to the general authority of the attorney to represent his client in connection with and for the purpose of controlling the matter committed to him, are admissible against the client. *Lickteig* v. *Buckholz*, 129 Conn. 399, 401, 402, 28 A.2d 871; 31A C.J.S. 869, Evidence, § 361; 7 Am. Jur. 2d 123, Attorneys at Law, § 122." *Collens* v. *New Canaan Water Co.*, 155 Conn. 477, 496, 234 A.2d 825. The charge to the jury rejecting the defendants' proof of the admission as substantive evidence tending to discredit the plaintiff's claims and testimony was error to which the defendants took proper exception.

One other claim of error addressed to the charge merits brief note. In charging with respect to the plaintiff's claim of impairment of his earning power as a result of the fall, the court charged: "The plaintiff further claims that he was self-employed and that the evidence discloses from the tax returns that his adjusted gross income for the year 1970 was $73,191.00. His adjusted gross income for the year 1971 was $52,885.00. And his adjusted gross income for the year 1972 was $84,728.00. So that his average yearly income over this three-year period, as I have computed it by arithmetic, was $70,268.00, making his average weekly earnings of approximately $1,351.00. So that if you want to divide that by 6 you will then come up with the per diem as far as the earning power. Now, that evidence is merely a guide, it is not conclusive and binding upon you. You can, however, from the evidence introduced here, if you're satisfied, find his earning power to have been $1,351.00 per week over the period that he was disabled, and that would

be the measure of his damages in this respect." This was clearly error. Not only had the plaintiff testified as to his substantial capital investments but that if he owned a corporation it never declared a dividend and never would, that his corporations accumulated profits and he controlled his salary which changed from year to year as he needed money. In taking their exception to this portion of the charge, the defendants properly objected that the court allowed the jury to measure the plaintiff's loss of earning capacity solely on the basis of the adjusted gross income shown on the face sheets of three income tax returns jointly filed by the plaintiff and his wife and without regard to how much of that income was attributable to either spouse or considering how much was attributable to dividends and interest and income from sources other than earnings. The charge on the issue of damages was clearly in error in this respect.

We conclude that there was error affecting the issues of both liability and damages.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.