LAFAYETTE BANK AND TRUST COMPANY *v.*
AETNA CASUALTY AND SURETY COMPANY

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued February 9—decision released March 20, 1979

*Philip Baroff,* with whom was *Matthew Woods,* for the appellant (plaintiff).

*Jerome D. Elbaum,* for the appellee (defendant).

PER CURIAM. The plaintiff brought suit under a blanket bond insurance contract to recover for a loss arising out of a forged promissory note. The defendant interposed several defenses, including a special defense that the claim was barred by failure to give timely written notice as required by the contract. On this first defense, the defendant successfully moved for summary judgment, and the plaintiff appealed from the subsequent rendition of judgment for the defendant by the trial court.

The following underlying facts are not in dispute for the purposes of this appeal. The plaintiff Lafayette Bank and Trust Company was insured by the defendant Aetna Casualty and Surety Company under a Blanket Bond Standard Form No. 24. This bond is intended to protect the plaintiff against losses resulting from specified acts of dishonesty, including forgery. Section four of the bond stipulates: "At the earliest practicable moment after discovery of any loss hereunder the Insured [plaintiff] shall give the Underwriter [defendant] written notice thereof and shall also within six months after such discovery furnish to the Underwriter [defendant] affirmative proof of loss with full particulars." On August 13, 1974, the plaintiff lent $50,000 to Gilbert S. Shove and Mary Louise Shove in return for a promissory note signed by Gilbert S. Shove and bearing a signature purporting to be that of Mary Louise Shove. When the note was called for nonpayment, the plaintiff received notification from Attorney Frederick L. Comley, representing Mary

Louise Shove, that she had not signed the note. This information was conveyed by telephone on November 12, 1975, or November 13, 1975, and was confirmed by a letter from Attorney Comley to the plaintiff's attorney, Philip Baroff. Attorney Baroff responded on December 9, 1975, asking Mrs. Shove to execute or guarantee a new note, an offer rejected by letter on December 16, 1975. Gilbert S. Shove admitted the forgery to officials of the plaintiff bank on April 19, 1976. The plaintiff filed a written notice of loss with the defendant by a letter dated April 20, 1976. On May 13, 1976, the plaintiff filed its proof of loss with the defendant, attaching thereto an affidavit of Stephen B. Smith, a vice president of the plaintiff bank, certifying that "on November 13, 1975, this company discovered a loss due to forgery on a $50,000 note from Gilbert and Mary Louise Shove."

The trial court examined this evidence, which was attached by affidavit to the defendant's motion for summary judgment, and determined that there was no material dispute of fact as to the plaintiff's discovery of its loss on November 13, 1975, and its notification of the defendant on April 20, 1976. The court concluded that a delay of more than twenty-two weeks between discovery and notification of loss failed, as a matter of law, to constitute notice "at the earliest practicable moment," as the bond required.

The plaintiff on this appeal contests the court's determination that there was no genuine issue of material fact concerning the date of the plaintiff's discovery of its loss. The plaintiff does not dispute any of the documentation produced by the defendant, but relies instead on a counteraffidavit of the

same vice president who certified the proof of loss, now attesting that the plaintiff was not notified of the forgery until late March, 1976. This counteraffidavit was not included in the printed record for this court, as required by § 3080 of the 1978 Practice Book. Even if we were now to include it,[1] it would not suffice to reverse the finding of the trial court. The counteraffidavit does not negate Attorney Baroff's representation of the plaintiff nor the fact that he was actually notified of the forgery in November. The knowledge and admissions of an attorney are imputed to his client. *Wesson* v. *F. M. Heritage Co.,* 174 Conn. 236, 243, 386 A.2d 217 (1978); *Lebowitz* v. *McPike,* 157 Conn. 235, 242, 253 A.2d 1 (1968); *Sweeney* v. *Pratt,* 70 Conn. 274, 282, 39 A. 182 (1898). These are the facts certified by the plaintiff's own proof of loss. The counteraffidavit, without more, is too conclusory to raise a material question of fact to the contrary.

There is no error.

---

[1] The defendant has reprinted the counteraffidavit in its brief.