[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #119
By way of a two count complaint filed on September 26, 1991 the plaintiff, Christine Plitt, alleges that on September 14, 1990, the automobile that she was operating was struck from behind by a hit and run vehicle. The plaintiff further alleges that at the time or the incident, she was insured by the defendant, Nationwide Insurance Company.
The plaintiff admits by way of a request for admission filed on August 13, 1992, that she did not contact the police or a "proper governmental authority" and report the accident within twenty-four hours from the time of the accident. (In denying parts of the defendant's request to admit, the plaintiff states that she reported the accident to her employer and to "medical personnel" within twenty-four hours after the time of the accident.) In her affidavit filed in opposition to the defendant's motion for summary judgment, the plaintiff states that she reported the accident to the defendant on September 17, 1990, and that the defendant denied her claim in July 1991.
The first count of the plaintiff's complaint alleges that the defendant declined to pay the plaintiff's uninsured motorist claim (breach of contract). The second count alleges that the defendant violated General Statutes 38-61 by failing to make a good faith effort to settle the plaintiff's claim. CT Page 11260
The defendant moves for summary judgment on both counts of the plaintiff's complaint on the ground that the plaintiff failed to comply with a condition precedent contained in the parties' insurance contract. The defendant argues that the clause in the policy pertaining to uninsured motorist coverage provides that the plaintiff must report an accident with a "hit and run" vehicle to the police or to a "proper governmental authority" within twenty-four hours from the occurrence of the accident.
In opposition to the motion, the plaintiff argues (1) that the defendant failed to submit an affidavit with its motion; and (2) that a genuine issue of material fact exists with respect to whether the defendant was "materially prejudiced" by the plaintiff's failure to satisfy the notice requirement contained in the insurance policy.
Practice Book 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Lees v. Middlesex Insurance Company, 219 Conn. 644,650, 594 A.2d 952 (1991). Because the burden of proof is on the moving the party, the facts presented must be viewed in the light most favorable to the party opposing the motion. Mingachos v. CBS, Inc. 196 Conn. 91, 111, 491 A.2d 368 (1985). "A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Practice Book 380.
Based on the plaintiff's admissions, there is no genuine issue of material fact regarding the plaintiff's failure to contact the police or some other "proper governmental authority" within twenty-four hours from the time of the incident. To support its claim that the plaintiff's failure to comply with a condition precedent entitles the defendant to judgment as a matter of law, the defendant attaches to its motion a photocopy of "page 9" of an insurance policy that contains an uninsured motorist clause which provides in pertinent part:
An uninsured motor vehicle is:
 c) A "hit-and-run" motor vehicle which causes bodily injury to an insured. . . . Identity of the driver and the owner of the "hit-and-run" vehicle must be unknown. The accident CT Page 11261 must be reported to the police or proper governmental authority within 24 hours. We must be
(At this point, the text of the uninsured motorist clause is cut off. The sentence that begins with "We must be" probably continues on a subsequent page of the insurance policy. However, the defendant did not submit any other pages of the policy along with its motion.)
The defendant's documentary evidence submitted in support of its motion for summary judgment is in improper form because the authenticity and completeness of the document is not attested to in any way. In its present form it is impossible to ascertain:
 (1) whether the document is part of a policy which was issued by the defendant, Nationwide Insurance;
 (2) whether the document is part of an insurance policy which was issued to the plaintiff; and
 (3) whether the document contains the complete text of the uninsured motorist clause as stated in the parties insurance contract.
Thus, defendant's evidence is inconclusive as to the terms of the parties' insurance contract, and the question of whether the plaintiff failed to comply with a condition precedent contained therein.
Even if the defendant's evidence was in proper form, questions of material fact would still exist. In the past, the Connecticut Supreme Court followed the rule that absent waiver, an unexcused unreasonable delay in notification constitutes a failure of a condition precedent that entirely discharges an insurer from liability on its insurance contract. See e.g., Lafayette Bank Trust v. Aetna Casualty Surety Co., 177 Conn. 137,139, 411 A.2d 937 (1979). However, in Aetna Casualty 
Surety Co. v. Murphy, 206 Conn. 409, 412, 538 A.2d 219 (1988) the court retreated from its previous position and ruled that an insured's failure to comply with a condition precedent requires "a factual inquiry into whether, in the circumstances of a particular case, an insurer has been prejudiced by its insured's delay in giving notice of an event triggering insurance coverage." Id., 417-18. In such a case, the plaintiff has the initial burden of establishing lack of prejudice. Id., 419. CT Page 11262
In the present case the plaintiff's affidavit states facts which could establish that the defendant was not materially prejudiced, as the plaintiff attests that she notified the defendant three days after the incident, she filed proof of claim forms, and she cooperated with the defendant's investigation.
The plaintiff's affidavit raises a genuine issue of material fact as to whether the defendant was prejudiced by the late notice, and this constitutes another ground for denying the defendant's motion for summary judgment.
The defendant's motion for summary judgment is denied.
BALLEN, JUDGE.