[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON REQUEST FOR LEAVE TO FILE AMENDMENT TO COMPLAINT
The present action was brought by a complaint dated May 6, 1991, alleging that on October 11, 1989, the plaintiff, Gloria H. Brown, and defendant James F. McElroy were involved CT Page 739 in an automobile accident as a result of the negligence of defendant McElroy who was operating a vehicle owned by the defendant Town of East Hartford as its agent, servant and/or employee. In paragraph 5 of count one of her complaint, the plaintiff alleges that defendant McElroy was negligent:
 a. IN THAT he operated an emergency vehicle at a rate of speed in excess of the duly posted speed limits without making use of an audible warning signal device and without visible and legal flashing or revolving lights, in such a manner as to endanger life or property by so doing, in violation of Section 14-283(b)(3) and (c) of the Connecticut General Statutes;
 b. IN THAT he operated an emergency vehicle at a rate of speed in excess of the fully posted speed limits without making use of an audible warning signal device and without visible and legal flashing or revolving lights, in such a manner as to endanger life or property by so doing;
 c. IN THAT he operated his motor vehicle at a rate of speed greater than was reasonable having due regard to the width, traffic and use of the highway and intersection of streets, in violation of Section 14-218a of the Connecticut General Statutes;
 d. IN THAT he operated his motor vehicle at a rate of speed greater than was reasonable having due regard to the width, traffic and use of the highway and intersection of streets;
 e. IN THAT he operated his motor vehicle so as to overtake and pass on the right of the Plaintiff's vehicle when conditions did not permit such movement in safety, in violation of Section 14-233
of the Connecticut General Statutes;
 f. IN THAT he operated his motor vehicle so as to overtake and pass upon the right of the Plaintiff's vehicle when conditions did not permit such movement in safety; CT Page 740
 g. IN THAT he was inattentive and failed to keep a proper lookout for other motor vehicles upon the highway;
 h. IN THAT he failed to have the motor vehicle under proper and reasonable control;
 i. IN THAT he failed to sound his horn or failed to give the Plaintiff any warning of his approach;
 j. IN THAT he operated his motor vehicle upon a public highway recklessly having due regard to the width, traffic and use of such highway and the intersection of streets in violation of Section 14-222
of the Connecticut General Statutes;
 k. IN THAT he operated his motor vehicle upon a public highway recklessly having due regard to the width, traffic and use of such highway and the intersection of streets;
 l. IN THAT he failed to turn or to stop his vehicle to avoid a collision with the oncoming vehicle;
 m. IN THAT he failed to apply his brakes when in the exercise of due care he should have known a collision was imminent.
In count two of her complaint, the plaintiff alleges that her injuries were the result of the deliberate or reckless disregard and violation of sections 14-218a and14-222 of the Connecticut General Statutes. The defendants filed an answer on June 5, 1991.
This case was claimed to the trial list on June 6, 1991, and pretried on May 21, 1993. At the time of the pretrial conference, the plaintiff gave no indication of an intention to file an amendment to the complaint.
On July 30, 1993, the plaintiff filed a request for leave to file an amendment to her complaint, with the proposed amendment attached, pursuant to Practice Book 176. The proposed amended complaint adds to paragraphs 3 and 5 of count one the following, respectively: CT Page 741
3. ". . . acting as a police officer. . . ."
 5. "(n) IN THAT he failed to follow the Town of East Hartford Police Department written and/or oral policies involving the operation of the police cruiser he was operating."
On August 3, 1993, the defendants filed an objection to the plaintiff's request for leave to amend, accompanied by a memorandum of law in support of their objection, claiming: (1) since the amendment does not relate back to the original complaint, the amendment is barred by the applicable statute of limitations; and (2) since there was no attempt by the plaintiff at the pretrial conference to amend the complaint, the amendment cannot be permitted.
A. Relation Back of Amendment Issue
"The trial court may allow, in its discretion, an amendment to pleadings." Jonap v. Silver, 1 Conn. App. 550,555, 474 A.2d 800 (1984). "`The trial court has wide discretion in granting or denying amendments,' and its determination will not be reversed absent an abuse of discretion." Web Press Services Corp. v. New London Motors, Inc., 203 Conn. 342, 360, 525 A.2d 57 (1987), quoting Lawson v. Godfried, 181 Conn. 214, 216, 435 A.2d 15 (1980). Generally, Connecticut follows a liberal policy in allowing amendments to complaints, and factors to be considered "are the length of the delay, the fairness to the opposing party, and the negligence, if any, of the party offering the amendment." Web Press Services Corp. v. New London Motors, Inc., supra.
Amendments to a complaint "relate back to the date of the complaint unless they allege a new cause of action." Keenan v. Yale New Haven Hospital, 167 Conn. 284, 285, 355 A.2d 253
(1974). Conversely, "[a]n amendment to a complaint which sets up a new and different cause of action speaks as of the date when it is filed." Id.
"The test for determining whether or not a cause of action has been alleged is somewhat nebulous." Jonap v. Silver, supra, 556. "A cause of action is that single group of facts which is claimed to have brought about an unlawful CT Page 742 injury to the plaintiff and which entitles the plaintiff to relief." (Citation omitted; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 546-47,590 A.2d 914 (1991); see Keenan v. Yale New Haven Hospital, supra ("A cause of action must arise from a single group of facts."). "A change in, or an addition to, a ground of negligence or an act of negligence arising out of the single group of facts which was originally claimed to have brought about the unlawful injury to the plaintiff does not change the cause of action." (Citations omitted; internal quotation marks omitted.) Gurliacci v. Mayer, supra, 547. "It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated." Id.; see Gallo v. G. Fox Co., 148 Conn. 327, 330, 170 A.2d 724 (1961).
A review of the major cases which analyze the "relation back" doctrine, most notably Gurliacci v. Mayer, supra, indicates that in the case at bar, the proposed amendment relates back to the date of the original complaint.
In Gurliacci v. Mayer, supra, a Stamford police officer sued the deputy chief of police of Stamford and the City of Stamford for injures she suffered when an automobile driven by the deputy chief collided with the plaintiff's automobile. In her original complaint, the plaintiff alleged that the defendant deputy chief was acting negligently in operating his automobile while intoxicated. After the limitations period passed, the court allowed the plaintiff to amend her complaint to add the allegations that the deputy chief was acting either wilfully, wantonly and maliciously, or outside the scope of his employment. In concluding that the amendment did in fact relate back to the original complaint, the Connecticut Supreme Court held that "[t]he new allegations did not inject `two different sets of circumstances and depend on different facts'; but rather amplified and expanded upon the previous allegations by setting forth alternate theories of liability." (Citations omitted.) Gurliacci v. Mayer, supra, 549. The court went on to declare: "[the defendant] had adequate notice that a claim was being asserted against him arising out of the alleged motor vehicle accident." Id.; cf. Sharp v. Mitchell,209 Conn. 59, 546 A.2d 846 (1988) (amendment did not relate back where amendment and original involved two different sets CT Page 743 of circumstances and depended on different bases of liability; defendants did not have fair notice of amended claim of negligent construction and design of an underground storage area where original complaint merely alleged negligent supervision).
In distinguishing Sharp v. Mitchell, supra, the Gurliacci opinion alluded to a legal test for distinguishing different causes of action in the relation back context. The court declared:
 In Sharp, the change in the nature of the negligence action from one of negligent supervision to one of negligent construction was dramatic because the defendant would have been required to gather different facts, evidence and witnesses to defend the amended claim. In this case, however, the plaintiff's amendment reiterated the negligence claim based on [the defendant's] operation of a motor vehicle, but added that [the defendant] was acting either wilfully, wantonly, and maliciously or outside the scope of his employment. The new allegations did not inject "two different sets of circumstances and depend on different facts"; but rather amplified and expanded upon the previous allegations by setting forth alternate theories of liability.
(Citations omitted.) Gurliacci v. Mayer, supra, 548-49. Therefore, according to Gurliacci, if the change is dramatic and requires the defendants to gather different facts, evidence and witnesses to defend the claim, then a new cause of action has been raised and the amendment will not relate back. See Sharp v. Mitchell, supra. If, however, the change is not dramatic and depends on the same set of circumstances and facts, the amendment will relate back to the original complaint. See Gurliacci v. Mayer, supra.
Based on Gurliacci, the proposed amendment in the present case is not dramatic, and does not require the defendants to gather different facts, evidence and witnesses to defend the claim. The plaintiff does not seek to assert a different basis of liability, but rather merely seeks to amplify what has already been alleged in support of her claim. Therefore, the proposed amendment relates back to the original cause of CT Page 744 action.
In support of their objection to this requested amendment, the defendants rely heavily on the authority of Patterson v. Szabo Food Service of New York, Inc., 14 Conn. App. 178,540 A.2d 99 (1988). In Patterson, the plaintiff sought damages for injuries sustained in a fall in a cafeteria, and his original complaint alleged that the defendant was negligent for failing to clean the floor and keep it free from food deposits. After the statute of limitations ran, the plaintiff filed an amended complaint alleging that the defendant installed or maintained a highly polished and slippery terrazzo floor and employed a method of food distribution which created a dangerous condition on the slippery floor. The Connecticut Appellate Court held that the defendant's amended complaint "present[ed] a new and different factual situation from that stated in the original complaint and that it therefore states a new and different cause of action." Id., 183.
In the present case, the plaintiff, in her proposed amendment, does not seek to assert a "new and different" factual situation supporting a "new and different" cause of action. Accordingly, we find that the proposed amendment relates back to the original cause of action.
B. Plaintiff's Failure to Make Amendment at Pretrial
As a further ground for their objection to the plaintiff's request for leave to amend, the defendants argue that since there was no attempt by the plaintiff to amend his complaint at the pretrial conference on May 21, 1993, the amendment should not be allowed. The defendants rely solely on the authority of Wesson v. F.M. Heritage Co., 174 Conn. 236,386 A.2d 217 (1978).
In Wesson v. F.M. Heritage Co., supra, a case concerning a slip-and-fall in a cocktail lounge, the plaintiff sought to amend his complaint to change the date of the alleged incident two years after a pretrial conference. The Connecticut Supreme Court held that because the precise time of the alleged fall was important to the defendants in searching for witnesses to the accident or conditions of the premises on the date of the accident, the trial court abused its discretion in permitting the amendment. Id., 240. The court, however, CT Page 745 declared:
 [s]uch an amendment of date and time would probably not be objectionable in the usual automobile accident case, for example, where both parties are fully aware of the incident and its time and place. Here the circumstances of the plaintiff's fall at a late hour in a cocktail lounge where patrons come and go and lighting conditions change present quite a different situation. The precise time of the incident was obviously an important matter for the defendants in searching for witnesses who might have observed a fall or could testify to the conditions as they existed at the time of the fall as claimed by the plaintiff.
Id., 240. The defendants, in their supporting memorandum, ignore the significance the precise timing factor had on the court's reasoning in Wesson. There is no rule that explicitly prohibits an amendment after a pretrial hearing, as Wesson involved a factually specific scenario. Since the present case is distinguishable, Wesson is not controlling, thus the defendants' second ground is without merit.
For all the foregoing reasons, the court overrules the defendants' objection to the plaintiff's request for leave to amend her complaint.
Mary R. Hennessey, Judge