[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO REARGUE
On September 22, 1992, the plaintiff, Robert Pinney, filed a complaint against the defendant, the Coca-Cola Bottling Company of New York. The plaintiff alleged that on October 15, 1990, while he was present at the Big Y Supermarket in West Springfield, Massachusetts, one of the defendant's employees ran over his right foot with a floor jack loaded with Coca-Cola products. The plaintiff alleged that his foot was injured and as a result of these injuries, the plaintiff's foot and leg had to be amputated.
On July 2, 1993, Coca-Cola's attorney deposed the plaintiff. Coca-Cola's attorney asked the plaintiff "[w]hat store . . . in what location were you hurt?" (Defendant Coca-Cola's Exhibit 2 to Coca-Cola's Memorandum of Law in Support of its Objection to the Plaintiff's Motion to Amend: Plaintiff's Deposition, July 2, 1993, p. 24). The plaintiff replied, "Big Y." (Defendant Coca-Cola's Exhibit 2, p. 24.) The attorney then asked the plaintiff, "[w]hat was the address of the Big Y?" (Defendant Coca-Cola's Exhibit 2, p. 24). The plaintiff responded, "I think it was West Springfield." (Defendant Coca-Cola's Exhibit 2, p. 24).
On April 29, 1994, the defendant filed a motion to cite-in and implead Big Y Food, Inc. ("Big Y") as a third-party defendant and as an additional party. The court granted the motion to cite-in Big Y on May 16, 1994. On October 31, 1995, the plaintiff filed a request to amend his complaint. The plaintiff also filed an amended complaint, dated October 26, 1995, with the motion to amend. The amended complaint alleges that an employee of Coca-Cola CT Page 2566 injured the plaintiff not at the Big Y Supermarket in West Springfield, but rather, at the Big Y Supermarket in East Longmeadow, Massachusetts.
On November 1, 1995, Coca-Cola filed a timely objection to the plaintiff's motion to amend the complaint. Coca-Cola also filed a memorandum of law in support of its objection. On February 27, 1996, this court sustained Coca-Cola's objection to the plaintiff's motion to amend. The plaintiff filed a motion to reargue its previous motion to amend on March 15, 1996.
"Our courts have pursued a liberal policy in allowing amendments." (Internal quotation marks omitted.) Wesson v. F.M.Heritage Co., 174 Conn. 236, 239 (1978). "Rulings on motions to amend pleadings lie in the sound discretion of the court but that discretion is a legal discretion and is subject to review." Id. "[The Connecticut Supreme Court] will not disturb a trial court's ruling on a proposed amendment unless there has been a clear abuse of that discretion." Falby v. Zarembski, 221 Conn. 14, 24
(1992). "The essential tests are whether the ruling of the court will work an injustice to either party and whether the granting of the motion will unduly delay a trial." (Alterations in original; internal quotation marks omitted.) Moore v. Sergi,38 Conn. App. 829, 836 (1995). "In the final analysis, the court will allow an amendment unless it will cause an unreasonable delay, mislead the opposing party, take unfair advantage of the opposing party or confuse the issues, or if there has been negligence or laches attaching to the offering party." Id.
Coca-Cola argues that it will be unduly prejudiced if the court allows the plaintiff to amend his complaint to allege that the accident occurred at the Big Y Supermarket in East Longmeadow, Massachusetts. Originally, the plaintiff alleged in his complaint dated September 9, 1992 that the incident occurred at the Big Y Supermarket in West Springfield, Massachusetts. Coca-Cola argues that for the past 3 years it has been preparing its defense of the action based on the plaintiff's original allegation. According to Coca-Cola, it has provided all employee records and produced all employees who may have made deliveries to the West Springfield Big Y Supermarket. Coca-Cola also states that the Big Y Supermarket in East Longmeadow has been completely remodeled, including the area where plaintiff claims the incident took place. Therefore, Coca-Cola will not be able to reconstruct the accident or investigate the area in which the accident occurred. CT Page 2567
The plaintiff counters that any prejudice sustained by the defendants would be minimal compared to the prejudice to the plaintiff. According to the plaintiff, he did not become aware that his original attorney placed the wrong location in the complaint until August, 1995, when he and the other parties visited the Big Y Supermarket in West Springfield. The plaintiff indicates that there are numerous Big Y Supermarkets in the West Springfield area and that the plaintiff has incurred the most prejudice by the long delay concerning the amendment.
In Wesson v. F.M. Heritage Co., supra, 174 Conn. 236, the Connecticut Supreme Court found that a trial court had abused its discretion in permitting a plaintiff to amend his complaint. The plaintiff filed his complaint on August 27, 1973. Id., 237. He alleged that he fell on the steps located in the defendants' cocktail lounge on February 4, 1973. Id. The plaintiff moved for permission to amend the complaint on February 11, 1976. Id., 238. The amendment alleged that the fall occurred at approximately 11:30 p.m. on February 3, 1973 and not on February 4 as originally alleged. Id. The defendants objected and attached a letter to their objection that the plaintiff's attorneys sent to them on February 7, 1973. Id. The letter stated that the plaintiff fell on the defendants' steps on February 4 at approximately 1:00 a.m. Id.
The defendants argued that the plaintiff's motion to amend was untimely and prejudicial. Id. According to the defendants, the plaintiff's attorney represented to the defendants through the above letter that the fall occurred on February 4 at approximately 1:00 a.m. Id. The defendants argued "that in reliance on this representation by plaintiff's attorney and the allegations of the August 16, 1973, complaint the defendants had conducted their investigation and prepared their defense as to the happening of such fall on February 4, at 1 a.m." Id. Furthermore, the defendants stated that all of the employees that had already been questioned were the employees that were present at the lounge at 1:00 a.m. on February 4. Id. The defendants claimed that none of the employees that worked on the day of the newly alleged incident could be found or deposed. Id., 239. Despite the defendants' arguments, the court granted the plaintiff's motion to amend. Id.
In reviewing the trial court's decision, the Connecticut Supreme Court stated, "[i]n determining whether there has been an CT Page 2568 abuse of discretion, much depends on the circumstances of each case. Factors that should be considered include unreasonable delay, fairness to the opposing parties and the negligence of the party offering the amendment." (Internal quotation marks omitted.) Id., 240. The court indicated, "[h]ere the circumstances of the plaintiff's alleged fall at a late hour in a cocktail lounge where patrons come and go and lighting conditions change present quite a different situation. The precise time of the incident was obviously an important matter for the defendants in searching for witnesses who might have observed the fall or could testify to the conditions as they existed at the time of the fall as claimed by the plaintiff." Id. The court further stated that according the Practice Book rules at the time, the motion to amend should have been brought at the pretrial hearing. Id., 241. The court stated that the plaintiff failed to amend the complaint until two years after this hearing. Id. 242. Therefore, the court found that the trial court abused its discretion in granting the amendment. Id.
Wesson v. F.M. Heritage Co. is analogous to the present situation. In the present case, the plaintiff originally alleged in 1992 that Coca-Cola's employee injured him at the Big Y Supermarket in West Springfield, Massachusetts. Furthermore, the plaintiff stated in his deposition that the incident occurred at the Big Y located in West Springfield. (Defendant's Exhibit 2, p. 24). Coca-Cola, relying on these allegations and the plaintiff's admission, performed its investigation of the matter. This defendant interviewed all of its employees that may have worked at the supermarket in West Springfield on October 15. Furthermore, Coca-Cola investigated the West Springfield supermarket to determine where and how this accident occurred. Now, over five years after the accident and three years after the filing of the original complaint the plaintiff wants to amend his complaint and allege that the accident occurred at a totallydifferent location. The defendant states that the Big Y Supermarket in East Longmeadow was remodeled and therefore, Coca-Cola will never be able to investigate the scene of the accident as it similarly appeared on October 15, 1990. Furthermore, the plaintiff, who all along admitted that the accident occurred in West Springfield, died in September, 1995. Therefore, Coca-Cola will not even be able to take discovery from or cross-examine the plaintiff as to where and how the accident occurred. In addition, it will be very difficult if not impossible for Coca-Cola to find witnesses to the accident that occurred in a different location over five years ago. CT Page 2569
These facts demonstrate that Coca-Cola will be unduly prejudiced if the plaintiff is permitted to amend his complaint and allege that the accident occurred at a totally different supermarket. From 1992 until the present, Coca-Cola has been preparing its defense based on the allegation that the incident occurred in West Springfield. Coca-Cola will suffer undue prejudice if the plaintiff is permitted to amend his complaint since this defendant will now have to go to another store that has been remodeled in order to find witnesses to a five year old incident. Although the plaintiff claims that his original attorney wrote the wrong location in the first complaint, the plaintiff admitted in his deposition that the accident occurred in West Springfield. Therefore, the plaintiff himself was negligent in originally alleging that the accident occurred in the wrong supermarket.
The court does not doubt the plaintiff will be prejudiced by a failure to amend, but it is the plaintiff's case to prove and the plaintiff misled the defendant in its preparation for suit. Attempting to amend so significantly, and at so late a date, that it changes the town where the injury occurred and makes it virtually impossible for the defendant to adequately defend itself against a five and one-half year old accident either through investigation or by deposing the now-deceased plaintiff, is oppressively prejudicial to the defendant who has misled no one. Moreover, although the court need not, or does not, so hold, it has no doubt that the statute of limitations will be fatal to the plaintiff's position.
Accordingly, the court did not abuse its discretion when it sustained Coca-Cola's objection to the plaintiff's motion to amend his complaint. Therefore, the Motion to Reargue is granted, and after hearing, the court upholds its original order sustaining Coca-Cola's objection to the plaintiff's motion to amend.