[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE (#116) DEFENDANT'S OBJECTION TO PLAINTIFF'S REQUEST TO AMEND COMPLAINT
This is an action for personal injuries allegedly suffered by the plaintiff as a result of the negligence and/or carelessness of the defendant in the operation of his motorcycle. In her original Complaint dated April 27, 2001, the plaintiff alleged that while a passenger on the defendant's motorcycle, she was caused to jam her wrists and hands on the gas tank of the defendant's motorcycle when he brought the motorcycle to an abrupt halt.
She further alleged that the incident in question occurred "[O]n or about August 27, 2000."
The plaintiff subsequently revised her complaint and she then filed the instant request for leave to amend her complaint to change the date of the alleged injury.
The defendant has filed an objection to the request to amend and also a memorandum of law in support of that objection.
The defendant claims that such a material amendment at this stage of the proceedings is extremely prejudicial to the defendant and one not to be permitted by the court.
In his answer to the complaint the defendant denied the incident ever took place. He denied operating a motorcycle on that date and at that location. He denied that the plaintiff was his passenger at that date and time and he denied the occurrence of any injury by her.
On December 26, 2001, the plaintiff filed a Revised Complaint in response to certain revisions requested by the defendant. The day of the alleged accident was not revised.
On January 17, 2003, the plaintiff filed a request for leave to amend CT Page 2957 her Revised Complaint. The requested amendment is a change of the date of the alleged incident from August 27, 2000 to September 23, 2000 a distinction of some twenty-seven days.
The defendant has objected to the request arguing that the change, if permitted, would be extremely prejudicial to the defendant. In support of his objection, the defendant has cited Wesson v. Heritage Company etal., 174 Conn. 236 (1978). In Wesson, the Supreme Court found that the trial court had erred when it allowed a plaintiff to amend his complaint to change the date and time of his fall at a cocktail lounge by some ninety minutes (from 1:00am to 11:30pm, previous.) "The precise time of the incident was obviously an important matter for the defendants in searching for witnesses who might have observed a fall or could testify to the conditions as they existed at the time of the fall as claimed by the plaintiff." Id., p. 240.
Rulings on motions to amend pleadings lie in the sound discretion of the court but that discretion is a legal discretion and is subject to review. Robinson v. Faulkner, 163 Conn. 365, 376.
Citing DuBose v. Carabetta, 161 Conn. 254, 263, the court Wesson held that, "In determining whether there has been an abuse of discretion, much depends on the circumstances of each case. Factors that should be considered include unreasonable delay, fairness to the opposing parties and the negligence of the party offering the amendment." Wesson, supra, p. 240.
In that case it was concluded, ". . . the trial court did abuse its discretion in permitting the late filing of the amendment to the complaint to change the date of the alleged fall and the time of it as it had been represented to the defendants by the plaintiff's counsel, relied upon by the defendants and alleged in the complaint. Such an amendment of date and time would probably not be objectionable in the usual automobileaccident case, for example, where both parties are fully aware of theincident and its time and place." (Emphasis added). As previously noted, the defendant has denied any knowledge of the incident, and its time and place.
In the instant case, the plaintiff had alleged the date of August 27, 2000 in her complaint and then again in her revised complaint. She had objected to a request to revise her complaint to state with at least reasonable specification, the approximate time [on August 27, 2000] when the alleged accident occurred. Her response to that request was a somewhat ironic, "The defendant as the operator of the motorcycle would know as well as anyone the time and precise location of the particular CT Page 2958 incident." (Plaintiff's Objection to Request To Revise, dated October 17, 2001).
The plaintiff subsequently did revise her complaint to allege that the accident took place on I-95 northbound at approximately 8:00 p.m., but did not revise the date of the accident.
In her answers to interrogatories, the plaintiff stated, under oath, that the first medical treatment she received for the alleged injuries was on August 31, 2000. (Exhibit 1 attached to objection.) The date she allegedly treated is some twenty-four days before the date on which shesustained the injuries alleged in her proposed amended complaint.
At a pretrial conference on February 28, 2002, the plaintiff persisted in her claim that she was injured on April 27, 2001. The same date was cited at a pretrial conference on January 7, 2003. No proposed amendments to the complaint were mentioned at either pretrial. In Johnson v.Toscano, 144 Conn. 582, a case involving a request to amend after pretrial, it was noted, "Nevertheless, no amendment to the pleadings was offered or suggested at the pretrial hearing, when, under the spirit of the rule, counsel should be prepared to state in good faith that his case is in all respects ready for immediate trial. Any amendment of the pleadings, if needed or desired, should be suggested." Id., p. 587.
While amendments to the complaint are discretionary with the court, consideration must be given to the timeliness, basis and possible resulting prejudice when deciding that issue. Rulings on motions to amend pleadings lie in the sound discretion of the court but that discretion is a legal discretion and is subject to review. Robinson v. Faulkner,163 Conn. 365, 376.
"In determining whether there has been an abuse of discretion, much depends on the circumstances of each case. Factors that should be considered include unreasonable delay, fairness to the opposing parties and the negligence of the party offering the amendment. Cummings v.General Motors Corporation, 146 Conn. 443, 449.
In the instant case, the court finds that to allow an amendment regarding such a critical allegation, the date of the event, made for the reason given and in view of the history of the pleadings, would be impermissibly prejudicial to the defendant at this time.
For those reasons, the request for leave to amend is denied.
JOSEPH W. DOHERTY, JUDGE CT Page 2959
[EDITORS' NOTE: This page is blank.] CT Page 2959-a