CHARLES SMITH *v.* CITY OF NEW HAVEN ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued October 5—decided December 11, 1956

*T. Holmes Bracken,* for the appellant (defendant Esposito).

*James O. Shea,* for the appellee (plaintiff).

BALDWIN, J.   The plaintiff brought this action against the city of New Haven and Eustacio Esposito. In the first count of his complaint he sought recovery against the city for a claimed defect in a public highway.   The court directed a verdict in favor

of the city, judgment was rendered upon this verdict, the plaintiff took no appeal, and further consideration of this feature of the case is not required.

In a second count addressed to the defendant Esposito, the plaintiff sought to recover upon two theories—that Esposito was negligent and that he had created and maintained a nuisance, thereby causing the plaintiff's injuries. The jury returned a verdict in favor of the plaintiff against this defendant, judgment was rendered upon it, and he has appealed. He assigns error in the charge, in the granting of permission to amend the complaint, in rulings on evidence, and in the refusal of the court to set aside the verdict as excessive.

The plaintiff claimed to have proved the following facts: He lived on the second floor of a two-family house located at 34 Morse Place in New Haven and owned by Esposito, hereinafter called the defendant. Late in the evening of February 11, 1953, the plaintiff returned to his home from a social engagement in New Haven, alighted from a taxicab, and went to his mailbox to pick up the mail. The mailbox was located near the paved portion of the roadway and some distance away from a flight of steps ascending a bank and leading to the walk to the front entrance to the house. When the plaintiff was returning from the mailbox to the steps, he fell over a water gate and broke his ankle. This water gate was located within the limits of the public highway, but outside of the paved portion, in front of the house where the plaintiff lived. Had there been an improved sidewalk there, the water gate would have been within its limits. The water gate was four and one-half inches in diameter and protruded, on one side, one and one-half inches above the ground, and on the other, three and one-half

inches. It had been installed when the house was built in 1950 by the defendant and was maintained by him. When it was inspected in 1950 by the city plumbing inspector, it protruded as it did when the plaintiff was injured. The public had the right to use the area where the water gate was placed in traveling up and down Morse Place, although this portion of the highway was incorporated within the lawn in front of the house where the plaintiff lived. When the plaintiff rented the premises from the defendant in February, 1952, he did not agree to perform services for the defendant upon the premises. He and another tenant, however, occasionally cut the grass in front of the house. The water gate was at all times under the control of the defendant. The steps and walk leading to the house were used by the occupants of both floors of the dwelling.

The defendant made the following claims of proof: The installation of the water gate so that it protruded an inch or more above the ground and its maintenance in that condition were proper to allow it to be quickly found should an emergency arise, to keep the grass from covering it and the dirt from seeping in, and to better protect it from injury. The defendant did not have control of the water gate because the tenants were to take care of the premises outside of the house. The water gate stood up above the ground when the plaintiff began his tenancy and he knew of its location and condition.

The parties conceded that the water gate was located within the limits of the public highway and that the defendant's premises extended to the center line of the highway subject to the public easement for travel.

We shall consider first the errors claimed in the charge. A charge must be correct in law, adapted to

the issues and sufficient for the guidance of the jury. *Boland* v. *Vanderbilt,* 140 Conn. 520, 522, 102 A.2d 362. When a party submits requests to charge on a specific issue or issues, it is the duty of the court to comply in substance, at least, with the requests if they are applicable. *Tyburszec* v. *Heatter,* 141 Conn. 183, 187, 104 A.2d 548. In applying these tests, the charge must be considered in its entirety. *Danehy* v. *Metz,* 140 Conn. 376, 379, 100 A.2d 843. We shall examine the defendant's claims of error in the charge in the light of these cardinal principles.

The defendant requested a charge to the effect that an abutting property owner has a right to maintain in that portion of the highway owned by him such appurtenances to his premises as do not unreasonably interfere with the use of the highway by the traveling public. He also requested charges dealing with the factors to be considered by the jury in determining whether the water gate did in fact interfere with public travel and whether the plaintiff was using the area where the water gate was placed as a pedestrian traveler in the highway. The court charged the jury that the relationship between the plaintiff and the defendant was that of tenant and landlord. This charge removed from the jury's consideration any question of the duty owed by the defendant as a property owner to the plaintiff as a traveler on the highway. It was favorable to the defendant because it removed from the case one of the grounds of liability claimed by the plaintiff, and the defendant has no justifiable complaint on this feature of the case. The defendant also sought in several specific requests charges dealing with the issue whether the defendant had retained control of the portion of the premises where the water gate was located or whether he had relinquished control to

the plaintiff as a tenant. These requests were not given literally by the court but were adequately covered in substance. *Giambartolomei* v. *Rocky DeCarlo & Sons, Inc.*, 143 Conn. 468, 472, 123 A.2d 760; Maltbie, Conn. App. Proc., § 66. The court told the jury that it was the duty of the landlord to use reasonable care to keep in a reasonably safe condition that part of the building and grounds which were retained solely in his control, including passageways or approaches reserved for the common use of his tenants. It also charged that the matter of control presented an issue of fact, the burden of proof being upon the plaintiff to prove control in the defendant, and that the jury were to consider who "took care of this area, the purpose and designed use of the water box and whether it was in the path of a passageway or approach to the house in which the plaintiff lived as a tenant of the defendant." The charge on the issue of control was adequate to the facts of the case.

The defendant also complains of the court's refusal to give the specific charges requested by him on the issue of contributory negligence. We call attention to the failure of the defendant to include in his claims of proof any claim that the plaintiff was guilty of contributory negligence. This aside, the court did state that the same principles relating to negligence applied in considering the defendant's claim that the plaintiff himself was guilty of contributory negligence, except that the defendant had the burden of proving it. The court then went on to discuss the principles pertaining to negligence. It told the jury that the plaintiff had lived on the property for a year or more prior to the date of the injury and that the evidence disclosed that the condition of the water gate had existed for some time

prior to the plaintiff's accident and at the time when the plaintiff became a tenant. "This," said the court "is a circumstance of some moment." The court then went on to state that the plaintiff was bound to exercise a degree of care commensurate with a known condition. The defendant has no valid complaint upon this feature of the charge.

The defendant has assigned error also with respect to nine lengthy paragraphs of the charge as given. However, at the close of the charge he failed to take exception to any of the statements which these paragraphs contain other than those pertaining to the matters which we have hereinbefore discussed. Under the rules we cannot consider errors in the charge unless exceptions have been duly taken to them. Practice Book § 153; *Hofacher* v. *Fox,* 142 Conn. 179, 185, 112 A.2d 217.

The defendant claims error because the court, after the trial had begun, permitted the plaintiff to amend his complaint with respect to his injuries and resulting damage. The amendment was offered after the time when it could have been filed as a matter of right under General Statutes § 7852. The ruling called for the exercise of the court's legal discretion. *Stanley* v. *M. H. Rhodes, Inc.,* 140 Conn. 689, 692, 103 A.2d 143; *Cook* v. *Lawlor,* 139 Conn. 68, 71, 90 A.2d 164. Our courts have followed a liberal policy relative to permitting amendments to pleadings after the expiration of the time during which, under § 7852, amendments may be filed as a matter of right. Practice Book §§ 93, 94, 95. The essential tests are whether the ruling of the court will work an injustice to either the plaintiff or the defendant and whether the granting of the motion will unduly delay a trial. *Cook* v. *Lawlor,* supra, 72. The finding does not disclose that the defendant

moved for either a postponement of the trial or a delay to permit a medical examination to be made by a qualified medical expert called in behalf of the defendant. We cannot say that the court abused its discretion by the ruling.

The rulings on evidence which the defendant alleges were erroneous pertain to the admission of testimony under the amendment or to the admission of expert testimony concerning the proper manner of installing a water gate. These claims lack merit and require no discussion.

The final claim to be considered is the court's refusal to set aside a verdict for $3000 because it was excessive. The applicable test is "whether the total amount of the verdict falls within the necessarily flexible limits of fair and reasonable compensation or is so large as to offend the sense of justice and compel a conclusion that the jury were influenced by partiality, prejudice or mistake." *Gorczyca* v. *New York, N.H. & H.R. Co.,* 141 Conn. 701, 703, 109 A.2d 589. We review the court's ruling on the motion to set aside the verdict in the light of this rule and accord the court's action the necessarily favorable consideration arising from the fact that it supports that of the jury. *Fairbanks* v. *State,* 143 Conn. 653, 661, 124 A.2d 893. In the instant case, the court not only supported the action of the jury but went further, in justifying its refusal to set aside the verdict, by stating in its memorandum of decision that "[h]ad the court been the trier of fact, and found liability, the damages awarded would have run higher." The court's ruling on the motion cannot be disturbed.

There is no error.

In this opinion the other judges concurred.