LUCY TAMMARO *v.* WILLIAM LEDEWITZ ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued November 7—decided December 30, 1968

*Howard F. Zoarski,* for the appellants (defendants).

*Albert R. Annunziata,* with whom, on the brief, was *Donald G. Walsh,* for the appellee (plaintiff).

HOUSE, J. The defendants have appealed from a judgment rendered following a jury verdict for the plaintiff, who brought this action against them as the owners of premises in New Haven on which she claimed to have fallen. The defendants are the owners of a building in which the plaintiff was employed. A large asphalted parking area, also owned by the defendants, adjoins the building on two sides. A sidewalk runs along the front of the building, parallel to it, and extends to State Street. Another sidewalk runs through the parking area, extending from the building out to James Street. The plaintiff alleged that, as she was leaving her place of employment about 5 p.m. on January 2, 1964, she walked over the parking area to get to James Street and, owing to the negligence of the defendants, fell on an accumulation of ice in the parking lot.

Among the defendants' many assignments of error, there are several which are related to rulings by the trial court in connection with a question as to the precise location of the plaintiff's fall. In her original complaint dated December 23, 1964, the plaintiff alleged that she was walking over a parking area "located west of, next to, adjacent and in front of" the building and that in the parking area "and particularly at about ten feet in from the sidewalk" there was an accumulation of ice and snow. In compliance with an order of the court granting a motion of the defendants that the plaintiff be required to make her complaint more specific by stating the location of the alleged fall, the plaintiff, on October 1, 1965, filed an amendment to her

complaint which alleged the place of the fall to be "[i]n the said parking area, and particularly at about ten feet in from the sidewalk and at a point from near the right end of the large 'Lee Beachwear' sign as one faces the building."

The case was reached for trial in September, 1966. The record discloses that during a discussion in chambers counsel for the plaintiff requested permission to amend the complaint to designate the location of her fall as being at a point opposite the left end, instead of the right end, of the Beachwear sign as one faces the building. The record discloses nothing further about this chambers discussion. Later, in open court, after the jury were selected, the plaintiff moved for permission to file a substituted complaint changing the allegation as to the place where she fell. The defendants strenuously objected, pointing out that in 1965 the precise location of the fall had been described as a result of their motion for a more specific statement, that in January, 1966, following this amendment, they had taken a deposition from the plaintiff and that the parties had had two pretrial sessions, all without any suggestion from the plaintiff that her pleading would be further amended. In support of their opposition they aptly cited the case of *Johnson* v. *Toscano,* 144 Conn. 582, 136 A.2d 341. It appears that the newly alleged location of the fall was between fifty and one hundred feet away from the location originally claimed. The plaintiff claimed that the location specified in her more specific statement was "a typographical error at most." Despite the defendants' objections, the court permitted the substituted complaint to be filed.

Subsequently, in the course of the cross-examination of the plaintiff, the defendants' attorney made

reference to a sketch which he claimed was drawn by the plaintiff's attorney in the plaintiff's presence at the time her deposition was taken and which pinpointed the location of the fall with relation to the building and the street lines. The defense counsel claimed that the sketch showed the location of the plaintiff's fall as being at the point originally alleged and not at the location as to which the plaintiff testified at the trial. The sketch was admitted as an exhibit for identification, and the point marked thereon is as the defense counsel has claimed. When the sketch was shown to the plaintiff, she denied any knowledge of it. The plaintiff's attorney denied that he drew the sketch.[1] At this point the defendants moved for a mistrial. Their counsel again represented to the court that, when the plaintiff's deposition was being taken in January, 1966 (when the alleged location of the fall was as originally claimed), there was some confusion as to the precise spot in question and, in the presence of the plaintiff, her attorney drew the layout of the parking lot and marked the specific location where the alleged fall occurred—which was the location alleged in the original complaint as amended on October 1, 1965, and not as the plaintiff was testifying as a witness. He claimed that he had no reason to believe that the plaintiff's attorney would deny that he had done so or that the plaintiff would deny knowledge of the sketch. Under the circumstances, he requested that the court declare a mistrial so that other counsel could appear for the defendants and he could be a witness to testify that the plaintiff's counsel had drawn the sketch and marked on it the spot where

---

[1] During the argument of the appeal in this court, the plaintiff's counsel changed his flat denial to a claim that he did not remember drawing the sketch.

the plaintiff claimed to have fallen so that it could be marked as a full exhibit. The court denied the motion and ordered defense counsel "not to make any reference to this document hereafter." It also refused to permit defense counsel to read to the jury the paragraphs of the original complaint and amendment which were inconsistent with the testimony of the plaintiff, even though those pleadings had been admitted as full exhibits in the case. This ruling was clearly erroneous and contrary to well-established practice. See *Billings' Appeal*, 49 Conn. 456, 459.

The court then permitted the plaintiff's counsel to read to the jury seven pages from the plaintiff's deposition, reciting details of her fall as related on her redirect examination "to indicate whether her testimony is consistent or not." The court allowed the reading "to show that the alleged inconsistency is not so according to the deposition." The portions of the deposition which were read to the jury did not specify in which of the two areas of the parking lot the plaintiff fell and did not precisely locate any particular place of the plaintiff's fall. The court, nevertheless, denied the defendant's motion that it be stricken.

Rulings on motions to amend pleadings and to order mistrials lie in the sound discretion of the trial court. *Teitelman* v. *Bloomstein*, 155 Conn. 653, 662, 236 A.2d 900; *Antonofsky* v. *Goldberg*, 144 Conn. 594, 598, 136 A.2d 338; *Johnson* v. *Toscano*, supra, 587. The discretion, however, is a legal discretion and is subject to review. *Cook* v. *Lawlor*, 139 Conn. 68, 71, 90 A.2d 164. The general principle is that a mistrial should be granted when, as a result of some occurrence at the trial, it is apparent that because of it a party cannot have a fair trial and the whole

proceedings are vitiated. Considering all of the circumstances of the case, the court's erroneous rulings, and particularly the obvious prejudice to the defendants arising from the plaintiff's belated substituted complaint and the unanticipated and now altered denial by the plaintiff's counsel that he did in fact draw the sketch pinpointing the site of the plaintiff's fall, we are constrained to hold that a new trial should be ordered.

Since a new trial is necessary, there is no need to discuss the remaining assignments of error.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.