MARGARET LAWSON ET AL. *v.* MILTON S. GODFRIED

COTTER, C. J., BOGDANSKI, PETERS, HEALEY and PARSKEY, Js.

Argued May 14—decision released June 10, 1980

*Michael A. Wolak III,* with whom, on the brief, was *Alan E. Silver,* for the appellants (plaintiffs).

*Kenneth J. Mulvey, Jr.,* with whom, on the brief, was *John C. Flanagan,* for the appellee (defendant).

PER CURIAM. The only issue of importance to this appeal is whether the trial court abused its discretion in denying the plaintiffs' motions to amend their complaint. The plaintiffs, Margaret Lawson and James Lawson, on May 30, 1973, brought an action against the defendant, Milton S. Godfried, alleging medical malpractice in conjunction with surgery performed in 1971. The complaint alleged failure to use the care and skill ordinarily used by physicians engaged in medical practice. More specifically the plaintiffs claimed that the defendant had not successfully performed the operation, a tubal ligation, because eight months later the plaintiff Margaret Lawson was found to have an ectopic pregnancy and a fibroid uterus. These claims were amplified in response to the defendant's motions for more specific statement, in 1973 and 1975. The defendant thereafter filed an answer and the pleadings were closed on July 10, 1975. After intermediary interrogatories and pretrial proceedings, on the first day of trial, October 30, 1978, the plaintiffs filed a motion to amend their complaint. This motion, then denied, was renewed and again denied at the conclusion of the presentation of the plaintiffs' evidence. Thereupon the trial court, *DeVita, J.*, granted the defendant's motion for directed verdict, and this appeal ensued.

The purpose of the motions to amend the complaint was to expand the allegations of negligence in two respects. The plaintiffs sought to add contentions that the defendant had failed to advise the plaintiffs that pregnancy was possible even after the tubal ligation, and that the defendant had guaranteed that there would be no such pregnancy. The plaintiffs do not contest the defendant's assertion

that these new contentions differ substantially from the initial allegation of failure to perform the surgery in an acceptable fashion.

The trial court has wide discretion in granting or denying amendments before, during, or after trial. Our courts have followed a liberal policy to permit belated amendments to the pleadings unless the amendment will cause an unreasonable delay, mislead the opposing party, take unfair advantage of the opposing party, or confuse the issues, or unless the delayed amendment is attributable to some misconduct on the part of its proponent. *Smith* v. *New Haven,* 144 Conn. 126, 132, 127 A.2d 829 (1956); *Crowell* v. *Middletown Savings Bank,* 122 Conn. 362, 369, 189 A. 172 (1937). See Practice Book, 1978, § 176. On rare occasions, this court has found an abuse of discretion by the trial court in determining whether an amendment should be permitted; see, e.g., *Wesson* v. *F. M. Heritage Co.,* 174 Conn. 236, 239–40, 386 A.2d 217 (1978); *Tammaro* v. *Ledewitz,* 157 Conn. 346, 348–51, 254 A.2d 458 (1968); *Fisher* v. *Board of Zoning Appeals,* 142 Conn. 275, 278, 113 A.2d 587 (1955); but we have never found an abuse of discretion in denying an amendment on the eve of trial, long after the conclusion of pretrial proceedings. *Freccia* v. *Martin,* 163 Conn. 160, 164–65, 302 A.2d 280 (1972); see *Johnson* v. *Toscano,* 144 Conn. 582, 588–89, 136 A.2d 341 (1957). We decline to do so in this case.

The trial court's refusal to permit an amendment of the complaint during the trial was equally within its discretion. The decision not to permit the amendment falls easily within the oft-stated rule that "[t]his court will not interfere with the decision of a trial court not to permit an amendment

unless an abuse of discretion is clearly evident." *DuBose* v. *Carabetta,* 161 Conn. 254, 263, 287 A.2d 357 (1971); *Powel* v. *Burke,* 178 Conn. 384, 392, 423 A.2d 97 (1979).

The plaintiffs' argument that the trial court erred in directing a verdict for the defendant cannot survive the conclusion that the plaintiffs' original complaint was the only matter before the court. The plaintiffs' medical witness testified that the surgery in question had been performed in conformity with the accepted norm or standard of the relevant community.

There is no error.