FRANCIS TEDESCO *v.* JULIUS C. PAGANO, INC., ET AL.

COTTER, C. J., BOGDANSKI, SPEZIALE, PETERS and HEALEY, Js.

Argued October 14—decision released November 11, 1980

*Edward T. Dodd, Jr.,* with whom, on the brief, was *Jeremiah M. Keefe,* for the appellant (plaintiff).

*Terence D. Mariani,* for the appellees (defendants).

PER CURIAM. The plaintiff's sole claim on appeal is that the court below, *Kulawiz, J.,* erred in permitting the defendants to amend their answer by adding a special defense of contributory negligence.

The plaintiff alleged that he was injured on April 7, 1975, when he was struck by a backhoe owned and operated by the defendants. This suit was filed on June 22, 1976, and the pleadings were closed when the defendants denied negligence on March 3, 1977. A pretrial was held before *Kulawiz, J.,* on the morning of Friday, June 8, 1979. During pretrial the issue of negligence by the plaintiff was raised. The defendants moved for permission to amend their answer to add a special defense of contributory negligence. A hearing on the motion was held

on the afternoon of the same day, June 8, 1979, at which time the motion was granted by *Kulawiz, J.* The amendment was then filed and jury selection began the same afternoon. On Friday, June 15, 1979, the jury returned a general verdict in favor of the defendants.

Section 265 of the 1978 Practice Book specifies "amendments to pleadings" as one of the matters which "shall be considered" at pretrial. Consideration of possible amendments to pleadings has been one of the purposes of pretrial since the procedure was first adopted in this state in 1939, effective January 1, 1940. See Practice Book, 1951, § 144; *Stanley* v. *Hartford,* 140 Conn. 643, 645–46, 103 A.2d 147 (1954). In discussing the function and purpose of the pretrial conference Professors James and Hazard state that "[t]he necessity or desirability of amending the pleadings should be considered. The judge should make sure that the pleadings will accommodate all the claims and defenses that are revealed at the pretrial conference, and thus obviate the need for amendment at trial and possible continuance." James & Hazard, Civil Procedure (2d Ed. 1977) § 6.16, p. 216. Amendments suggested at pretrial should be filed promptly thereafter. *Wesson* v. *F. M. Heritage Co.,* 174 Conn. 236, 241–42, 386 A.2d 217 (1978); *Johnson* v. *Toscano,* 144 Conn. 582, 588–89, 136 A.2d 341 (1957). That procedure was followed in this case.

The plaintiff claims surprise and argues that it is unfair to him for the court to permit the defendants to amend their answer more than two years after the pleadings were closed and just before the commencement of the trial of the case. The plaintiff contends that this action by the court consti-

tuted an abuse of discretion. We disagree. At no time did the plaintiff request a continuance[1] to permit fuller preparation to meet the special defense at trial. Nor did he submit to the jury interrogatories[2] which would have distinguished the jury's decision on the special defense from the general verdict which encompasses all of the issues in the case. Under the general verdict rule there is a legal presumption that the jury found every issue in favor of the defendants. *Burcaw* v. *Sykora,* 173 Conn. 229, 230, 377 A.2d 298 (1977); *Harry A. Finman & Son, Inc.* v. *Connecticut Truck & Trailer Service Co.,* 169 Conn. 407, 410–11, 363 A.2d 86 (1975); *Beauton* v. *Connecticut Light & Power Co.,* 125 Conn. 76, 83, 3 A.2d 315 (1938).

The grant or denial of a motion to amend the pleadings is a matter within the discretion of the trial court. *Sellner* v. *Beechwood Construction Co.,* 176 Conn. 432, 438, 407 A.2d 1026 (1979); *Antonofsky* v. *Goldberg,* 144 Conn. 594, 597, 136 A.2d 338 (1957). In the interest of justice courts are liberal in permitting amendments; unless there is a sound reason, refusal to allow an amendment is an abuse of discretion. *State ex rel. Scala* v. *Airport Commission,* 154 Conn. 168, 178, 224 A.2d 236 (1966); *Cook* v. *Lawlor,* 139 Conn. 68, 71–72, 90 A.2d 164 (1952). The trial court is in the best position to assess the burden which an amendment would

---

[1] Practice Book, 1978, § 265 specifically indicates that a continuance may be entered at the time of the pretrial conference.

[2] Practice Book, 1978, § 312 permits interrogatories. For more than fifty years this court has recognized the value of a specific verdict on a special defense in protecting a party from the implications of a general verdict. See *Harry A. Finman & Son, Inc.* v. *Connecticut Truck & Trailer Service Co.,* 169 Conn. 407, 411, 363 A.2d 86 (1975); *Ziman* v. *Whitley,* 110 Conn. 108, 115n, 147 A. 370 (1929).

impose on the opposing party in light of the facts of the particular case. "The essential tests are whether the ruling of the court will work an injustice to either the plaintiff or the defendant and whether the granting of the motion will unduly delay a trial." *Smith* v. *New Haven,* 144 Conn. 126, 132, 127 A.2d 829 (1956). In this case the subject of an amended answer properly was brought up at the pretrial and the plaintiff neither asked for additional time to prepare for trial nor demonstrated any prejudice due to the timing of the amendment. Compare *Wesson* v. *F. M. Heritage Co.,* 174 Conn. 236, 386 A.2d 217 (1978). We find no abuse of discretion.

There is no error.