[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, father of the injured party, filed a complaint on December 2, 1986 alleging that the defendant negligently caused CT Page 559 his son's injuries by leasing them a premises which had lead paint which the child ingested. On November 19, 1991 the plaintiff sought leave to file an amended complaint which alleged that the defendant's actions constituted a CUTPA violation. On November 25, 1991 the defendant objected to the amendment. The defendant argues in her memorandum filed December 5, 1991, that, among other reasons, allowing the amendment now would be "unfair and prejudicial to the defendant in view of the plaintiff's unreasonable delay in raising these new claims."
"The grant or denial of a motion to amend the pleadings is a matter within the discretion of the trial court." Tedesco v. Julius C. Pagano, Inc., 182 Conn. 339, 341 (1980). "The trial court is in the best position to assess the burden which an amendment would impose on the opposing party in light of the facts of the particular case." Wallingford v. Glen Valley Associates, Inc., 190 Conn. 158, 161 (1983). "Factors to be considered in passing on a motion to amend are the length of the delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment." Farrell v. St. Vincent's Hospital,203 Conn. 554, 561 (1980).
The plaintiff is offering his amendment five years after the filing of the complaint. There is nothing that indicates the plaintiff could not have added these counts earlier; they simply repeat the same allegations and state that they constitute a violation of CUTPA. The plaintiff has been negligent in not amending the complaint at an earlier date. It would be unfair, at this later date, to allow the plaintiff to allege a CUTPA claim against the defendant. Accordingly, the objection to the request for leave to file an amended complaint is sustained.
LANGENBACH, J.