[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The action presently before the court is the plaintiff's request for leave to amend its original four-count complaint. The plaintiff in the present action is the Lembo-Feinerman Trust, the current title holder of the subject premises. The defendant is Charles Heilig. On October 18, 1990, the plaintiff filed a four-count complaint. On July 17, 1991, the defendant filed an answer and several special defenses. In 1992, a trial date of October 13, 1993, was set. A pretrial conference was held in August, 1993, and the trial was postponed until April 12, 1994. On November 12, 1993, the plaintiff requested leave to amend its complaint, pursuant to Practice Book 176(c), with the proposed amended complaint appended thereto. On November 24, 1993, the defendant filed a timely objection to the plaintiff's request for leave to amend.
In the first count of the original complaint, the plaintiff seeks a declaratory judgment as to a guaranty agreement allegedly signed by the defendant in his individual capacity on May 24, 1979, and a subsequent related agreement CT Page 2640 signed by the defendant on November 18, 1981, concerning property leased to the defendant. The plaintiff claims that, pursuant to the terms of these two agreements, the defendant unconditionally guaranteed the full performance and observance of the lease terms and assumed primary liability in the event that any governmental action were taken against the plaintiff for the investigation and remediation of groundwater pollution on the premises. The plaintiff alleges that both the Connecticut Department of Environmental Protection (DEP) and the United States Environmental Protection Agency (EPA) took action against it for groundwater contamination on the premises. This governmental action included a listing of the premises by the EPA on the National Priorities List (NIL). Through the NIL, which was established by the EPA to administer the Comprehensive Environmental Response Compensation Act [CIRCLE], 42 U.S.C. 67; 1, et seq., the EPA designates sites that require the investigation, and possible remediation, of hazardous waste contamination.
In the second count of the original complaint, the plaintiff claims that the defendant must indemnify the plaintiff, pursuant to both the lease and the guarantee agreement, for all costs, past and present, incurred in investigating and remediating the pollution, as well as all costs incurred by plaintiff in relation to the NIL listing. In the third count of the original complaint, the plaintiff alleges that pursuant to General Statutes 22a-452, it is entitled to reimbursement from the defendant for reasonable costs incurred in the remediation of the pollution. In the fourth count of the original complaint, the plaintiff alleges that it did not generate any hazardous waste on the premises. Rather, the plaintiff alleges, either the defendant's company Cheshire Molding Co., or a subsequent assignee of the lease generated the pollution and that the equitable principle of exoneration requires the defendant to reimburse the plaintiff.
The proposed amended complaint contains four counts, as does the original complaint. The causes of action in the proposed amended complaint are for declaratory judgment, contractual indemnity, compensation pursuant to General Statutes 22a-452, and exoneration. These four causes of action are identical to those stated in the original complaint. The following represent the changes reflected in the proposed amended complaint: CT Page 2641
In paragraphs 48 through 52 of count one of the proposed amended complaint, the plaintiff specifically alleges that it may incur costs if ordered by the DPA, pursuant to the provisions of CIRCLE, to investigate and remediate the contamination on the property. In addition, the plaintiff alleges that it may incur costs as a result of actions by nongovernmental third parties as to the contamination of the land. In paragraph 63 of count one of the proposed amended complaint, the plaintiff specifically alleges that it may incur future costs, for which the defendant should be responsible, in the investigation and remediation of the contamination of the property. In paragraph 69 of the second count of the proposed amended complaint, the plaintiff alleges that pursuant to the lease and the guaranty agreement, the defendant is liable for past, present and future attorney's fees and legal costs. The allegations of the third and fourth counts of the proposed amended complaint are substantially the same as those of the original complaint.
In the original prayer for relief, the plaintiff requests a declaratory judgment that the defendant's actions breached the terms of the lease and that the defendant is responsible for all expenses incurred by the plaintiff in investigating and remediating the groundwater contamination on the premises. The plaintiff requests an injunction restraining the defendant from "transferring his assets in liquid funds and real property pending the completion of the EPA's feasibility study." In addition, the plaintiff requests compensatory damages, reasonable attorney's fees, and costs, exoneration, and indemnity. In the prayer for relief contained in the proposed amended complaint, the court finds that the plaintiff requests substantially the same relief as it requested in the original complaint.
In his objection to the plaintiff's request for leave to amend, the defendant argues that the proposed amended complaint would add new and improper allegations and seek relief which differs significantly from that requested in the original complaint. In addition, the defendant argues that the proposed amended complaint "seeks to supplement the allegations with evidence that was available to the [plaintiff] at the time the Complaint was drafted or shortly thereafter." [Defendant's Objection to Plaintiff's Request for Leave to Amend complaint, p. 2]. Specifically, the defendant argues that the plaintiff has added allegations that CT Page 2642 the government may bring an action against the plaintiff under CIRCLE, that there exists the possibility of legal action against the plaintiff from non-governmental third parties, and that the plaintiff should be reimbursed for all future costs incurred by the plaintiff in the investigation and remediation of the groundwater pollution on the premises.
In support of its request for leave to amend, the plaintiff argues that the proposed amendments are merely proper expansions or amplifications of the existing counts by which the defendant will not be prejudiced. In addition, the plaintiff argues that the proposed amendment will not delay the trial because extensive discovery has already taken place, with more scheduled to take place before the trial date. Finally the plaintiff argues that the present action is essentially a contract action, and remains such in the proposed amended complaint.
Practice Book 176 states, in pertinent part, that "[t]he court may restrain such amendments so far as may be necessary to compel the parties to join issue in a reasonable time for trial." Practice Book 176(c). The decision to grant or deny a request for leave to amend is a matter within the discretion of the trial court. Tedesco v. Julius C. Pagano, Inc.,182 Conn. 339, 341, 438 A.2d 95 (1980); see also Falby v. Zarembski, 221 Conn. 14, 24, 602 A.2d 1 (1993). Such amendments are generally liberally granted; Johnson v. Toscano, 144 Conn. 582, 587, 136 A.2d 341 (1957); however, "this liberality has limitations." Beckman v. Jalich Homes,190 Conn. 299, 302, 460 A.2d 488 (1983). "[U]nless there is a sound reason, refusal to allow an amendment is an abuse of discretion." Tedesco v. Julius C. Pagano, Inc., supra. The trial court "may allow, in its discretion, an amendment to pleadings before, during, or . . . after trial to conform to the proof." Saphir v. Neustadt, 177 Conn. 191, 206,413 A.2d 848 (1979).
In deciding a request for leave to amend, "[t]he essential tests are whether the ruling of the court will work an injustice to either the plaintiff or the defendant and whether the granting of the motion will unduly delay a trial." Smith v. New Haven, 144 Conn. 126, 132, 127 A.2d 829 (1956); see Tedesco v. Julius C. Pagano, Inc., supra. "In passing on a motion to amend, the court should consider the length of delay, fairness to the opposing parties and the negligence, if CT Page 2643 any, of the party offering the amendment. (Citations omitted). Freccia v. Martin, 163 Conn. 160, 164, 302 A.2d 280
(1972). Undue delay in the proceedings is often a controlling consideration. It is within the court's discretion to restrain the amendment of pleadings so far as necessary to prevent unreasonable delay of the trial." Id.
In addition, "a party may properly amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains essentially the same." Patterson v. Szabo Food Service of New York, Inc., supra, 183.
The court finds that the plaintiff in its proposed amended complaint merely seeks to amplify or expand what has already been alleged. Therefore, the court overrules the defendant's objection to the plaintiff's request for leave to amend.
Hale, J.