[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By complaint returnable to court on August 23, 1994, the plaintiff, Bradley Jacobs, brought this action against the defendants, Marc Shore, Debra Shore and Nancy Colson, seeking a declaratory judgment development of the property owned by the Shores, and a permanent injunction prohibiting construction on the property owned by the Shores.
On November 15, 1994, the plaintiff filed a request to amend his complaint to add seven counts. On November 30, 1994, defendants Marc and Debra Shore filed an objection to the plaintiff's request for leave to amend on the grounds that the amending of the complaint will delay the proceedings, will require the refiling of the motion for summary judgment that they have filed, and because the request is untimely and will cause prejudice. On December 1, 1994, the defendants filed a memorandum of law in support of their objection. A memorandum of law dated December 9, 1994, was filed by the plaintiff in support of his request to amend.
"`The trial court has wide discretion in granting or denying amendments,' and its determination will not be reversed absent an abuse of discretion." Web Press Services Corp. v. New LondonMotors Inc., 203 Conn. 342, 360, 525 A.2d 57, appeal after remand,205 Conn. 479, 533 A.2d 1211 (1987), quoting Lawson v. Godfried,181 Conn. 214, 216, 435 A.2d 15 (1980); see also Tedesco v. JuliusC. Pagano Inc., 182 Conn. 339, 341, 438 A.2d 95 (1980) (stating that "unless there is a sound reason, refusal to allow an amendment is an abuse of discretion"). "Our jurisdiction generally follows a liberal policy in allowing amendments to complaints." Web PressServices Corp. v. New London Motors. Inc., supra, 203 Conn. 360. Factors to be considered in deciding whether to allow an amendment to a complaint are "the length of the delay, the fairness to the opposing party, and the negligence, if any, of the party offering the amendment." Id.; see also Lembo-Feinerman Cheshire Trust v.Heilig, Superior Court, judicial district of Hartford-New Britain CT Page 12948 at Hartford, Docket No. 385318 (March 11, 1994, Hale, J.).
In light of the liberal policy in allowing amendments to complaints, and the fact that this action was returnable to court on August 23, 1994 and does not have a date certain for trial, the plaintiff's request for leave to amend his complaint is granted and the objection thereto overruled. See Webb Press Services Corp. v.New London Motors. Inc., 203 Conn. 360.
HICKEY, J.