[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On March 8, 1993, the plaintiff, Joan Rapp, filed a revised complaint in one count of negligence against the defendant, the Town of Greenwich. The plaintiff alleges that on November 7, 1989, while in the vault room at the Greenwich Town Hall, she fell down a stairwell and sustained injuries. The plaintiff alleges that her injuries were caused by the defendant's negligence and breach of duty under General Statutes § 52-557n.
On March 22, 1993, the defendant filed an answer and two special defenses on the grounds that it is immune from liability under the doctrine of governmental immunity and that if the plaintiff sustained any injuries, it was due to the plaintiff's own negligence.
On September 21, 1994, the plaintiff filed a request for leave to amend her revised complaint. On October 6, 1994, the defendant filed an objection to the plaintiff's request to amend and a memorandum of law. A memorandum of law in support of her request for leave to amend was also filed by the plaintiff. CT Page 12941
Specifically, the defendant objects to the plaintiff's proposed amendments to paragraphs 7a and 7b of the first count, and to the entire second count that the plaintiff seeks to add to the revised complaint. The defendant argues that the plaintiff is seeking to allege new causes of action predicated on failure to maintain the steps and nuisance. The defendant argues that allowing the amendments would be prejudicial because it has defended this action for three years based only on allegations of negligence due to defective conditions, and the plaintiff's claims are time-barred because they are new causes of action which "speak" as of the date that they are filed.
The plaintiff argues that the defendant will not suffer any prejudice due to the amendment of the revised complaint because the action is not scheduled for trial, minimal discovery has been conducted and the amendment will not cause any delay in the case. The plaintiff further argues that the added technical descriptions in the negligence count, and the addition of the nuisance count, do not constitute new sets of facts which are barred by the statute of limitations.
"`The trial court has wide discretion in granting or denying amendments,' and its determination will not be reversed absent an abuse of discretion." Web Press Services Corp. v. New LondonMotors, Inc., 203 Conn. 342, 360, 525 A.2d 57, appeal after remand,205 Conn. 479, 533 A.2d 1211 (1987), quoting Lawson v. Godfried,181 Conn. 214, 216, 435 A.2d 15 (1980); see also Tedesco v. JuliusC. Pagano, Inc., 182 Conn. 339, 341, 438 A.2d 95 (1980) (stating that "unless there is a sound reason, refusal to allow an amendment is an abuse of discretion"). Factors to be considered in deciding whether to allow an amendment to a complaint are "the length of the delay, the fairness to the opposing party, and the negligence, if any, of the party offering the amendment." Web Press ServicesCorp. v. New London Motors, Inc., supra, 203 Conn. 360; see alsoLembo-Feinerman Cheshire Trust v. Heilig, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 385318 (March 11, 1994, Hale, J.).
Furthermore, amendments to a complaint relate back to the date of the complaint, unless they allege a new and different cause of action, in which case the amendment speaks as of the date when it is filed. Keenan v. Yale New Haven Hospital, 167 Conn. 284, 285,355 a.2d 253 (1974). CT Page 12942
 A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. . . . A change in, or an addition to, a ground of negligence or an act of negligence arising out of the single group of facts which was originally claimed to have brought about the unlawful injury to the plaintiff does not change the cause of action. . . . It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated.
(Citations omitted; internal quotation marks omitted.) Sharp v.Mitchell, 209 Conn. 59, 71-72, 546 A.2d 846 (1988) (holding that the theory of action sought to be added in the amended complaint did not relate back because it involved a different set of circumstances, depended on different facts and the defendants did not have fair notice of such claim).
The Connecticut Supreme Court has recognized that the relation back doctrine in Connecticut is "akin" to rule 15(c) of the Federal Rules of Civil Procedure, which provides in part that "[w]henever the claim . . . asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Gurliacci v. Mayer,218 Conn. 531, 547, 590 A.2d 914 (1991), quoting Giglio v. ConnecticutLight Power Co., 180 Conn. 230, 239-40, 429 A.2d 486 (1980).
 The policy behind rule 15(c) is that a party, once notified of litigation based upon a particular transaction or occurrence, has been provided with all the notice that statutes of limitations are intended to afford. . . . Because rule 15 provides that an amendment relates back where the original complaint has given the party fair notice that a claim is being asserted stemming from a particular transaction or occurrence, the objectives of our statute of limitations, namely, to protect parties from having to defend against stale claims, is fully served.
(citations omitted.) Id., 547-48; see also Downey v. Bickford, Superior Court, judicial district of Hartford-New Britain at CT Page 12943 Hartford, Docket No. 372243 (July 7, 1994, Corradino, J.).
In Gurliacci, the plaintiff's amendment reiterated her negligence claim that was based upon the defendant's negligent operation of a motor vehicle, and added that the defendant was acting either willfully, wantonly, and maliciously or outside the scope of his employment. Gurliacci v. Mayer, supra, 218 Conn. 549. The court held that the new allegations "did not inject two different sets of circumstances and depend on different facts . . . but rather amplified and expanded upon the previous allegations by setting forth alternate theories of liability." (Citation omitted; internal quotation marks omitted.) Id. Accordingly, the court held that the trial court had properly struck the defendant's special defense that the amended complaint was barred by the statute of limitations.
The plaintiff's request for leave to amend her complaint is granted. The present action is not scheduled for trial and minimal discovery has been conducted by the parties, and, therefore, the granting of the plaintiff's request will not cause undue delay. See Web Press Services Corp. v. New London Motors, Inc., supra,203 Conn. 360. The new allegations in paragraphs 7a and 7b of count one, and count two, which incorporates the allegations of count one and adds that the conduct of the defendant and the condition that caused the plaintiff's fall constitutes a nuisance, do not "inject two different sets of circumstances and depend on different facts" but rather amplify and expand upon the plaintiff's previous allegations. See Gurliacci v. Mayer, 218 Conn. 549. Accordingly, the amendments relate back to the date of the original complaint.Id., 547.
For the reasons stated herein, the plaintiff's request for leave to amend her complaint is granted.
KARAZIN, J.