[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Gilbane Building Co., filed a six count second amended complaint dated April 8, 1993, against the defendants, Stamford Towers Inc. (ST) and Stamford Towers Limited Partnership (STLP), which seeks foreclosure of a mechanics lien, and damages for breach of contract, unjust enrichment, fraud and CUTPA. These claims arise out of the construction of Stamford Towers. The CT Page 550 defendants filed an answer, counterclaim and special defenses, dated October 21, 1993. The defendants allege special defenses of collateral estoppel and res judicata, subordination, no assumption of obligations, lack of consideration, waiver, satisfaction, indemnification, no privity of contract, and that count three fails to state a cause of action. In the counterclaim the defendants allege breaches of contract, violations of CUTPA, and slander of title.
The defendants, on November 4, 1994, filed a motion for leave to file amended special defenses, counterclaims, set-offs and recoupment. On November 16, 1994, the plaintiff filed an objection to request for leave to file amended special defenses, counterclaims, set-offs and recoupment. The defendants filed a response to the plaintiff's objection on November 28, 1994. The defendants allege in their additional special defenses, set-offs and counterclaim that precast panels installed by the plaintiffs have cracked and water has leaked through and damaged the buildings.
"`The trial court has wide discretion in granting or denying amendments,' and its determination will not be reversed absent an abuse of discretion." Web Press Services Corp. v. New LondonMotors, Inc., 203 Conn. 342, 360, 525 A.2d 57, appeal after remand,205 Conn. 479, 533 A.2d 1211 (1987), quoting Lawson v. Godfried,181 Conn. 214, 216, 435 A.2d 15 (1980); see also Tedesco v. JuliusC. Pangano, Inc., 182 Conn. 339, 341, 438 A.2d 95 (1980) (stating that "unless there is a sound reason, refusal to allow an amendment is an abuse of discretion"). "Our jurisdiction generally follows a liberal policy in allowing amendments to [pleadings]." Web PressServices Corp. v. New London Motors, Inc., supra, 203 Conn. 360. "Factors to be considered in deciding whether to allow an amendment . . . are length of delay, the fairness to the opposing arty, and the negligence, if any, of the party offering the amendment."Id.; see also Lembo-Feinerman Cheshire Trust v. Heilig, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 385318 (March 11, 1994, Hale, J.).
The plaintiff argues that the amendment is untimely because the case is exposed or trial on March 6, 1995, and adds causes of action not arising out of the same facts and transactions that are in the underlying complaint. The defendants argue that, in its complaint, the plaintiff seeks to recover for work it performed on the project, and therefore, the defendants are entitled offset any amount by the damages suffered from the plaintiff's faulty CT Page 551 performance. The defendants also argue that their amendment is timely in that it only recently became aware of the cracks that formed in the precast panels.
The plaintiff seeks to recover the value of its services in the construction of the Stamford Towers. The defendants' amended special defenses and counterclaim are directed to the value of these services. The defendants have argued that they became aware of the problems with the panels "this year," made the plaintiff aware of the problem, and the plaintiff did not rectify the situation, and subsequently, the defendants filed their amendment. Accordingly, in light of the liberal policy of allowing amendments, the defendants' request to file additional special defense, counterclaims, set-offs and recoupment is granted and the plaintiff's objection is overruled.
HICKEY, J.