[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON REQUEST FOR LEAVE TO AMEND COMPLAINT AND MOTION FOR JUDGMENT
The factual context to the present action concerns the plaintiff, Robert Rowlands', attempt to recover damages from the defendants, Commodore Commons Condominium Association, Kenneth Moffat and Vermont Mutual Insurance Company, for alleged damages to the common elements of the condominium of which the plaintiff is owner. The plaintiff's request for leave to amend the complaint and the defendant, Vermont Mutual's (hereinafter "the defendant"), objection to the request for leave to amend the complaint are presently before the court. The defendant's motion for judgment is also pending. The plaintiff's motion for leave to amend complaint is granted and the defendant's objection to the motion for leave to amend is overruled.
A review of the procedural background to this case is helpful. On January 13, 1999, the court, Curran, J., granted the defendant's motion to strike the second and third counts, sounding in CUIPA and CUTPA, respectively, of the plaintiff's complaint. The plaintiff filed a motion to reargue which was denied by the court, Curran, J., on January 22, 1999. Notice of this decision was not sent to the parties by the clerk's office until January 25, 1999.
On February 8, 1999, the defendant filed a motion for judgment on the stricken portions of the complaint. At that time, the plaintiff had yet to file a substitute pleading. This was done two days later on February 10, 1999. On February 16, and then again on February 23, 1999, the defendant filed objections to the plaintiff's request to amend on the ground that the amended complaint was untimely and sought to state entirely new causes of action. The defendant, at this time, also renewed his motion for judgment on the previously stricken complaint.
On March 4, 1999 the plaintiff filed a reply to the defendant's objection to the plaintiff's request for leave to amend complaint. On March 24, 1999, the plaintiff filed a separate objection to the defendant's motion for judgment.
In the interim, on February 22, 1999, the court, Ripley, J., denied the defendant's original motion for judgment. CT Page 8883
Turning to a review of the pertinent rules and case law, Practice Book § 157, now Practice Book (1998 rev.) §10-44, states that a party whose pleading has been stricken may file a new pleading within fifteen days of the granting of the motion to strike. In the present case, the filing of a motion to reargue would appear to have tolled that period until such time the court addressed the motion to reargue. See K.A. ThompsonElectric Co. v. Wesco, Inc., 24 Conn. App. 758, 760-61,591 A.2d 822 (1991) (a timely filed motion to reargue tolls the applicable appeal period until such a time when the motion to reargue is decided); but see Young v. Young, 246 Conn. 913, ___ A.2d ___ (1998) (Supreme Court granted certification to address the issue whether a motion to reargue filed pursuant to Practice Book §11-11 tolls the appeal period until denial of that motion).
Regardless, the filing of the amended complaint as a substitute pleading in the present case appears to be untimely. Even though, arguendo, the fifteen day period begins to run only after notice of the denial of the motion to reargue was sent to the parties; see Russell v. Thomas O'Connor Co.,42 Conn. App. 345, 347, 679 A.2d 420 (1996) (in the context of a General Statutes § 52-593 motion, the applicable time period begins to run when notice is issued); the fifteen day period had already expired by the time the plaintiff filed the amended complaint. According to the plaintiff, notice of the motion to reargue was sent to the parties on January 25, 1999. Thus, the plaintiff had until February 9, 1999 in which to file a substitute pleading. The request for leave to amend the complaint was filed on February 10, 1999, and is, therefore, untimely.
Nevertheless, the filing of a late substitute pleading does not deprive the court of its discretionary power in allowing a pleading outside the prescribed time period. Thus, courts have allowed the submission of a substitute complaint beyond the fifteen day period set forth in Practice Book § 157, now Practice Book (1998 Rev.) § 10-44. See Shpak v. Beard, Superior Court, judicial district of New Haven at New Haven, Docket No. 369337 (November 20, 1998, Hartmere, J.). Accordingly, the fact that the pleading was filed one day late would not necessarily mean that the amended complaint was improper and outside the scope of the court's consideration. This is especially true when the substituted pleading is filed in conjunction with Practice Book § 176, now Practice Book (1998 rev.) § 10-60, which allows an amended complaint[1] to be filed at any time with the consent of the judicial authority. See CT Page 8884Dennison v. Klatz, 12 Conn. App. 570, 574-75, 532 A.2d 1311
(1987), cert. denied, 206 Conn. 803, 535 A.2d 1317 (1988).
The defendant, however, objects to the amended complaint on the ground that the plaintiff seeks to introduce new causes of action which are not derived from the facts contained in the stricken complaint. The defendant further argues that the admission of the amended complaint would prejudice the defendant.
"The grant or denial of a motion to amend the pleadings is a matter within the discretion of the trial court." Tedesco v.Julius C. Pagano, Inc., 182 Conn. 339, 341, 438 A.2d 95 (1980). See also Practice Book § 176, now Practice Book (1998 rev.) § 10-60.[2] In the interest of justice, courts have generally been most liberal in allowing amendments. Tedesco v.Julius C. Pagano, Inc., supra, 182 Conn. 341. Nonetheless, a party will not be allowed to amend a complaint by adding a new cause of action. Giglio v. Connecticut Light Power Co.,180 Conn. 230, 239, 429 A.2d 486 (1980).
"A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. . . ." (Citations omitted; internal quotation marks omitted.) Gurliacci v. Mayer,218 Conn. 531, 547, 590 A.2d 914 (1991). "It is proper to amplify or expand what has already been alleged in support of a cause or action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different course of action is stated. . . ." (Citations omitted; internal quotation marks omitted.) Giglio v. Connecticut Light Power Co.,180 Conn. 239.
It is essential, therefore, to compare the allegations of the stricken complaint with the allegations of the amended complaint in an effort to see whether the plaintiff has alleged any new facts that would be prejudicial to the defendant in the filing of the amended complaint.
In the second count of the complaint previously stricken in part by the court, Curran, J., the plaintiff attempted to state a cause of action based on CUIPA. According to that complaint, the defendant insurer violated CUIPA in 1) failing to "acknowledge and act with reasonable promptness upon communication with respect to said claims arising under the insurance policies;" 2) CT Page 8885 "refusing to pay claims without conducting a reasonable investigation based upon all available information;" and 3) "not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear." (Plaintiff's complaint, September 17, 1998, Second Count, ¶ 29.) In the amended complaint presently before the court, the plaintiff reiterates these identical factual allegations. (Plaintiff's Amended Complaint, February 10, 1999, Second Count, ¶ 7.) Indeed, the sole difference between the two counts rests upon the fact that the plaintiff has, following the denial of the motion to reargue the CUIPA claim, abandoned his cause of action for CUIPA and instead relabeled the second count a common law bad faith claim by adding that the defendant performed these actions in an intentional, wanton, malicious or reckless manner.
Simply because an amendment changes the legal theory on which the action was initially brought an amendment is not automatically barred, if the factual situation upon which the new theory depends remains substantially the same as what was originally pled.
The defendant's motion for judgment is therefore denied and the amendment allowed.
The court, Ripley, J., denied the defendant's motion for judgment on the stricken portions of the complaint on February 22, 1999. On February 24, 1999, the defendant renewed his motion for judgment on the previously stricken portions of the complaint. Neither the renewed motion for judgment, nor the file, indicates if the defendant received notice of the court's decision prior to the renewal of the motion for judgment.
"The law of the case is not written in stone but is a flexible principle of many facets adaptable to the exigencies of the different situations in which it may be invoked. . . . In essence it expresses the practice of judges generally to refuse to reopen what has been decided and is not a limitation on their power . . . New pleadings intended to raise again a question of law which has been already presented on the record and determined adversely to the pleader are not to be favored. . . . But a determination so made is not necessarily to be treated as an infallible guide to the court in dealing with all matters subsequently arising in the cause. . . ." (Citations omitted; internal quotation marks omitted.) Westbrook v. Savin Rock Condo.Assoc., 50 Conn. App. 236, 240-41, 717 A.2d 789 (1998). CT Page 8886 "Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance." Id.
"A judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge. . . . Judge shopping is not to be encouraged and a decent respect for the views of his brethren on the bench is commendable in a judge. . . ." (Citations omitted; internal quotation marks omitted.) Id.
Furthermore, because the court has granted the motion for leave to amend the complaint, then the original complaint, and the stricken portions therein, no longer remain properly in the case. See Dennison v. Katz, supra, 12 Conn. App. 575. As such, there technically remains nothing on which judgment may be entered. The motion for judgment is denied.
FLYNN, J.