[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON OBJECTION OF DEFENDANT ST. MARY'S HOSPITAL TO PLAINTIFFS' REQUEST TO AMEND COMPLAINT
The defendant St. Mary's Hospital has objected to the plaintiffs' request for leave to amend the complaint. The hospital objects that the proposed amendments of the counts directed to it fail to cure the deficiencies identified in the hospital's request to revise a prior version of the complaint. The request to revise, dated December 29, 1998, was directed at the original complaint. The plaintiffs filed no objection to the hospital's various requests to revise. Pursuant to Practice Book § 10-37, a request to revise to which no objection is made within thirty days "shall be deemed to have been automatically granted by the judicial authority on the date of filing and shall be complied with by the party to whom it is directed within thirty days of the date of filing the same . . ." CT Page 10264
Comparison of the complaint that was the subject of the hospital's request to revise and the proposed amended complaint reveals that the plaintiffs have repeated verbatim and not have revised in the manner requested the allegations set forth at Count 1, paragraphs 2 and 6 and other counts against this defendant which incorporate the same allegations. Additionally, the plaintiffs have also not revised the allegation that was the subject of the hospital's seventh request to revise, in that they continue to allege at Count 5 paragraph 10 precisely the same allegation, as in their original complaint, with no revision.
The proposed amended complaint does, however, comply with the third, fourth, fifth and eighth requests to revise.
Pursuant to Practice Book § 10-37, a party who fails to object to a request to revise must file a revised pleading that complies with the request within thirty days. A trial court should not allow an amendment that will work an injustice to any party or take unfair advantage of the opposing party. Tedesco v. Julius C. Pagano, Inc., 182 Conn. 339, 341
(1980); Moore v. Sergi, 38 Conn. App. 829, 836 (1995). To allow the plaintiffs to file an amended complaint that fails to contain the revisions secured by the hospital by its prior requests to revise would work such an injustice. The court exercises its discretion not to grant leave to file an amended complaint that fails to comply in all respects with the unchallenged requests to revise.
The hospital asserts that leave to amend should also be denied because of the pendency of co-defendant Ying-Sek Chan's motion to strike two counts directed only to him. The court has adjudicated this point in its ruling on an objection filed by Dr. Chan. For the reasons set forth in that memorandum of decision, the court has found that this ground does not furnish a further reason for denying leave to amend.
Conclusion
The plaintiffs' request to file the proposed amended complaint against defendant St. Mary's Hospital is denied for the reasons set forth above.
 Beverly J. Hodgson Date Judge of the Superior Court