[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON OBJECTION OF DEFENDANT CHAN TO PLAINTIFFS' REQUEST TO AMEND COMPLAINT
CT Page 10261
The issue before this court is whether plaintiffs may be permitted to file an amended complaint while a motion to strike the operative complaint is pending.
After the filing of requests by the defendants to revise earlier complaints, the plaintiffs filed a revised complaint on June 2, 2000. That complaint includes a count in which Charles L. Baranowski, Jr. alleges loss of consortium arising from injuries to his mother (Count 4) and another in which he alleges a cause of action sounding in negligent infliction of emotional distress arising from her injuries (Count 7). Both of these counts are directed at defendant Dr. Ying-Sek Chan.
On June 15, 2000, Dr. Chan filed a motion to strike these counts. On July 11, 2000, the plaintiffs requested leave to file an amended complaint. The proposed amended complaint contains claims by Charles L. Baranowski, Jr. for loss of parental consortium and negligent infliction of emotional distress; however, the factual allegations have been supplemented and rephrased.
Defendant Chan urges this court to deny the request for leave to amend because of the pendency of the motion to strike. No Practice Book rule prohibits the granting of leave to amend a pleading because of the pendency of a motion directed to that pleading. Practice Book §10-60, the rule concerning amendment of pleadings, provides that after the period for amendment as of right except for amendments concerning certain amounts in demand, "[a] party may amend his or her pleadings or other parts of the record or proceedings at any time" by court order, by written consent, or by obtaining leave of the court upon motion. (Emphasis supplied.)
No part of the rule, or of any other Practice Book rule, imposes any limitation on the court's discretion to grant leave to amend if a pending motion to strike is directed at the pleading the movant seeks to amend. The only restriction on judicial discretion stated is at § 10-60
(b): "The judicial authority may restrain such amendments so far as may CT Page 10262 be necessary to compel the parties to join issue in a reasonable time for trial. If the amendment occasions delay in the trial or inconvenience to the other party, the judicial authority may award costs in its discretion in favor of the other party."
Dr. Chan has cited several trial court rulings suggesting that the pendency of a dispositive motion precludes an amendment of the complaint; however, the Connecticut Supreme Court has ruled not that amendments are prohibited, but that they are discretionary:
 While a trial court may be well-advised to exercise leniency when amendments are proferred in response to a motion for summary judgment, rather than on the eve of trial, we have affirmed as discretionary the denial of permission under such circumstances in Citizens National Bank v. Hubney, 182 Conn. 310, 313, 438 A.2d 430
(1980).
Conference Center Ltd. v. TRC, 189 Conn. 212, 216-17 (1983).
"The grant or denial of a motion to amend the pleadings is a matter within the discretion of the trial court." Tedesco v. Julius C. Pagano,Inc., 182 Conn. 339, 341 (1980).
As the Appellate Court stated in Moore v. Sergi, 38 Conn. App. 829, 836
(1995), citing Tedesco v. Julius C. Pagano, Inc., supra, 182 Conn. 341, "[i]n the interest of justice, our courts have generally been most liberal in allowing amendments. . . . The essential tests are whether the ruling of the court will work an injustice to either [party] and whether the granting of the motion will unduly delay a trial . . . in the final analysis, the court will allow an amendment unless it will cause an unreasonable delay, mislead the opposing party, take unfair advantage of the opposing party or confuse the issues, or if there has been negligence or laches attaching to the offering party." (Internal quotations omitted).
Dr. Chan urges that this court should deny the request for leave to amend the complaint because "the Plaintiff is attempting to satisfy, the legal insufficiencies of the Fourth and Seventh Counts." Dr. Chan argues that even the proposed amendments do not set forth cognizable claims. This observation actually suggests the wisdom of allowing amendment. If Dr. Chan succeeded on his motion to strike the present versions of the fourth and seventh counts, the plaintiff would be entitled, pursuant to Practice Book § 10-44, to file a new pleading, in which he would no doubt plead the content of the proposed amended complaint, and Dr. Chan would no doubt move to strike the new complaint. No resources would CT Page 10263 therefore by conserved by ruling on the pending motion to strike and denying the plaintiff leave to amend.
The court finds that the interest of justice is served by permitting the plaintiff to have the legal sufficiency of his claims adjudicated on the basis of his best expression of them. Dr. Chan has not raised any cogent countervailing consideration of the kinds that the cases cited above approve as trail blazes for the exercise of discretion.
Conclusion
The objection to the plaintiffs request for leave to amend the complaint against defendant Dr. Ying-Sek Chan is overruled, and leave to a file the amended complaint against this defendant is granted.
 Beverly J. Hodgson Date Judge of the Superior Court