[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFFS' MOTION TO AMEND COMPLAINT
This case was tried before this court on May 3, 2002. The complaint on which the case was tried sought a decree of specific performance in connection with certain real estate located at 110 Twin Lakes Road, North Branford, Connecticut, which the defendants had agreed to sell to the plaintiff The parties originally had a signed purchase and sales agreement which was subsequently amended and finally called for a closing date on January 12, 1998. The closing did not take place. It is alleged that subsequent to January 12, 1998 the parties engaged in negotiations to extend the contract with some minor changes in its terms, arid that the defendant Carmen Marcucio refused to sign the new agreement, although she had not objected during the negotiations.
The complaint upon which the case was tried seeks an order directing the defendants to specifically perform the agreement which the defendant Carmen Marcucio refused to sign.
During argument on May 3, after all parties had rested, the plaintiff recognizing the difficulty it would have in obtaining a decree of specific performance to enforce an unsigned agreement to sell real estate, argued that specific performance to enforce the agreement which had a closing date of January 12, 1998 was what it was seeking.
On May 28 the plaintiff filed a motion to amend the complaint. The proposed amendment now seeks to enforce by specific performance the agreement that called for a closing on January 12, 1998. The defendant Anthony Marcucio, who wishes to sell the property to the plaintiff, has not objected to the amended complaint. The defendant Carmen Marcucio, who is contesting this lawsuit, objects to the amended complaint, based on Practice Book § 10-62. The defendant Carmen Marcucio claims that the proposed amendment introduces a new theory of the case involving a separate and distinct set of facts and circumstances, that to allow the amendment presents an unfair surprise, and that it substantially prejudices the defendant by misleading her as to the facts that needed to be proved at trial.
"`While our courts have been liberal in permitting amendments; Johnson v. Toscano, 144 Conn. 582, 587, 136 A.2d 341 (1957); this liberality has limitations. Amendments should be made seasonably. Factors to be considered in passing on a motion to amend are the length of delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment. Cummings v. General Motors Corporation, 146 Conn. 443, 449-50, 151 A.2d 884 (1959). The motion to amend is addressed to the trial court's discretion which may be exercised to restrain the amendment of pleadings so far as necessary to prevent unreasonable delay of the trial. Freccia v. Martin, 163 Conn. 160, CT Page 7980 164, 302 A.2d 280 (1972).' Beckman v. Jalich Homes, Inc., 190 Conn. 299, 302-303, 460 A.2d 448
(1983). . . . It is within the discretion of the trial court to grant or deny an amendment, and a decision to deny an amendment during a trial will not be disturbed unless there is a clear abuse of that discretion. Lawson v. Godfried, 181 Conn. 214, 216, 435 A.2d 15 (1980)." Farrell v. St. Vincent's Hospital, 203 Conn. 554, 561-62, 525 A.2d 954 (1987).
The plaintiff has offered no reason in its motion as to why it waited four years to amend its complaint. The proposed amendment seeks specific performance based on an entirely different claim than was the original complaint. To allow the complaint to be amended in this way, three weeks after the trial was completed, would be unfair to the defendant who went to trial contesting the right of the plaintiff to obtain specific performance of an unexecuted agreement discussed subsequent to January 12, 1998. To now change the focus of the case to an executed agreement at an earlier date is clearly prejudicial to her rights.
The motion to amend is denied.
 By the Court, ___________________ William L. Hadden, Jr. Judge Trial Referee